Criminal Case Template










 


COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



ROSA LEYVA, INDIVIDUALLY
AND AS NEXT FRIEND OF LESLIE
RENE LEYVA, ASHLEY LEYVA
AND JEFFREY LEYVA, AND AS
TEMPORARY ADMINISTRATOR OF
THE ESTATE OF DAVID CARMEN
LEYVA, DECEASED


 Appellants,


v.


SOUTHERN UNION GAS
COMPANY, INC.,


 Appellee.

§


§


§


§


§


§


§


§




No. 08-02-00258-CV


Appeal from the


County Court at Law

No. Five


of El Paso County, Texas


(TC# 95-8146)

 

M E M O R A N D U M O P I N I O N



 This is an appeal from a summary judgment in a personal injury case. For the reasons 
stated, we affirm.

I. SUMMARY OF THE EVIDENCE


 On July 2, 1993, Appellants, Rosa Leyva, individually and as next friend of Leslie
Rene Leyva, Ashley Leyva and Jeffrey Leyva, and as Temporary Administrator of the Estate
of David Carmen Leyva, deceased, were in their apartment watching television when an
explosion caused the walls and ceiling of their apartment to collapse around them. The
explosion originated in an adjacent apartment. The Leyvas sustained injuries and were
hospitalized. The complex was owned by L & L Enterprises and Appellee, Southern Union
Gas Company, provided gas service to the apartment complex. 

 Appellants filed suit against three Defendants: Southern Union, the owners of the
apartment complex, L & L Enterprises, and a plumbing company that had performed
maintenance service on the apartments. Appellants brought both negligence and gross
negligence causes of action. During the pendency of the suit, David Leyva passed away for
reasons unrelated to the gas explosion. 

 Prior to trial, Southern Union filed a Motion for Summary Judgment arguing that 1)
it owed no duty entitling Appellants to recover for the harm alleged; and 2) Appellants had
no evidence to support the proposition that Southern Union was at fault in causing the
incident that served as the basis for the suit. Appellants filed a response to the summary
judgment motion, in which they argued that a fact issue existed as to whether Southern Union 
had actual or constructive knowledge of the condition that caused the explosion. The trial
court granted the motion for summary judgment. The case against L & L Enterprises was
settled and a non-suit was entered against the plumbing company. This appeal follows. II. DISCUSSION


 Appellants bring six issues attacking the granting of summary judgment. Southern
Union argues that Appellants did not preserve the issues relating to its tariff service rules and
gross negligence. (1) In response to Southern Union's Motion for Summary Judgment,
Appellants argued only that a fact issue existed as to whether Southern Union had actual or
constructive knowledge of the condition that caused the explosion. Appellants did not raise
any arguments relating to the tariff service rules or gross negligence in their response and
thus, have failed to preserve these complaints for our review. Accordingly, Issues No. Four,
Five and Six are waived. Tex. R. App. P. 33.1. We begin with a discussion of the standards
of review.

A. Summary Judgment Standards of Review

 The standard of review on appeal is whether the successful movant at the trial level
carried its burden of showing that there is no genuine issue of material fact and that a
judgment should be granted as a matter of law. See Lear Siegler, Inc. v. Perez, 819 S.W.2d
470, 471 (Tex. 1991); Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex.
1985); Cortez v. Liberty Mut. Fire Ins. Co., 885 S.W.2d 466, 469 (Tex. App.--El Paso 1994,
writ denied). Thus, the question on appeal is not whether the summary judgment proof raises
fact issues as to required elements of the movant's cause or claim, but whether the summary
judgment proof establishes, as a matter of law, that there is no genuine issue of material fact
as to one or more elements of the movant's cause or claim. See Gibbs v. General Motors,
450 S.W.2d 827, 828 (Tex. 1970).

 In resolving the issue of whether the movant has carried this burden, all evidence
favorable to the non-movant must be taken as true and all reasonable inferences, including
any doubts, must be resolved in the non-movant's favor. See Nixon, 690 S.W.2d at 548-49;
DeLuna v. Guynes Printing Co., 884 S.W.2d 206, 208 (Tex. App.--El Paso 1994, writ
denied). Where the defendants are the movants and they submit summary evidence
disproving at least one essential element of each of plaintiff's causes of action, then summary
judgment should be granted. See Perez, 819 S.W.2d at 471; Bradley v. Quality Serv. Tank
Lines, 659 S.W.2d 33, 34 (Tex. 1983); Cortez, 885 S.W.2d at 469. Furthermore, when a trial
court's order granting summary judgment does not specify the ground or grounds relied on
for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced
are meritorious. See State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993); 
Rogers v. Ricane Enter. Inc., 772 S.W.2d 76, 79 (Tex. 1989). 

 Under the "no-evidence summary judgment" rule, the movant may move for summary
judgment if, after adequate time for discovery, there is no evidence of one or more essential
elements of a claim or defense on which the non-movant would have the burden of proof at
trial. Tex. R. Civ. P. 166a(i) (Vernon Supp. 1998). The motion must state the elements as
to which there is no evidence. Id. The reviewing court must grant the motion unless the non-movant produces summary judgment evidence raising a genuine issue of material fact. Id. 
Under the no evidence summary judgment standard, the party with the burden of proof at trial
will have the same burden of proof in a summary judgment proceeding. See, e.g., Esco Oil
& Gas, Inc. v. Sooner Pipe & Supply Corp., 962 S.W.2d 193, 197 n.3 (Tex. App.--Houston
[1st Dist.] 1998, pet. denied) (commenting that under Rule 166a(i) "the plaintiff as the non-movant [has] the burden to raise a triable issue on each element essential to the plaintiff's
case against each defendant.").

 The San Antonio Court of Appeals states the applicable standard of review for no-evidence summary judgments as follows: "'A no-evidence summary judgment is essentially
a pretrial directed verdict,' and we apply the same legal sufficiency standard in reviewing a
no-evidence summary judgment as we apply in reviewing a directed verdict." Moore v. K
Mart Corp., 981 S.W.2d 266, 269 (Tex. App.--San Antonio1998, pet. denied); see also Hon.
David Hittner & Lynne Liberato, Summary Judgments in Texas, 34 Hous. L. Rev. 1303,
1356 (1998) (no evidence summary judgment is essentially pretrial directed verdict). 

 A no-evidence summary judgment is properly granted if the non-movant fails to bring
forth more than a scintilla of probative evidence to raise a genuine issue of material fact as
to an essential element of the non-movant's claim on which the non-movant would have the
burden of proof at trial. See Tex. R. Civ. P. 166a(i); Merrell Dow Pharmaceuticals, Inc. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997), cert. denied, 523 U.S. 1119, 118 S.Ct. 1799, 140
L.Ed.2d 939 (1998). If the evidence supporting a finding rises to a level that would enable
reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of
evidence exists. See Havner, 953 S.W.2d at 711. Less than a scintilla of evidence exists
when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of
a fact, and the legal effect is that there is no evidence. Kindred v. Con/Chem, Inc., 650
S.W.2d 61, 63 (Tex. 1983).

B. Duty as Applied to Utility Companies 

 In Issue No. Three, Appellants argue that the trial court erred in granting the summary
judgment because Appellee failed to establish as a matter of law that it owed no duty to
Appellants to warn its customers of a dangerous condition. More specifically, Appellants
assert that the trial court erred because the summary judgment evidence showed that
Southern Union had actual knowledge of dangerous conditions on its customers' properties.

 The common law doctrine of negligence consists of three elements: 1) a legal duty
owed by one person to another; 2) a breach of that duty; and 3) damages proximately
resulting from that breach. Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525
(Tex. 1990) (citing El Chico Corp. v. Poole, 732 S.W.2d 306, 311 (Tex. 1987); Rosas v.
Buddie's Food Store, 518 S.W.2d 534, 536 (Tex. 1975)). In such a case, the threshold
inquiry is duty, which the plaintiff must establish. Phillips, 801 S.W.2d at 525. Duty is a
question of law for the courts to decide, not a question for the jury. Id. However, the
resolution of disputed facts or inferences are inappropriate for the courts and thus should be
resolved by a jury. Fort Bend County Drainage Dist. v. Sbrusch, 818 S.W.2d 392, 395 (Tex.
1991).

 In Texas, a utility company's duty is limited to the situation where the utility company
had actual knowledge of the dangerous condition on the customer's property. San Antonio
Gas & Elec. Co. v. Ocon, 146 S.W. 162, 164 (Tex. 1912); Central Power & Light Co. v.
Romero, 948 S.W.2d 764, 767 (Tex. App.--San Antonio 1996, writ denied). Absent actual
knowledge of a dangerous condition, no duty arises. Huddleston v. Dallas Power & Light
Co., 93 S.W.2d 199, 200 (Tex. Civ. App.--Fort Worth 1936, writ dism'd). It is well-established in Texas jurisprudence that a utility company has no duty to inspect a customer's
wiring, appliances, or the like, which the utility did not install and does not own or control,
for defects before supplying electricity or gas to the customer. Entex, A Div. of Noram
Energy Corp. v. Gonzalez, 94 S.W.3d 1, 6 (Tex. App.--Houston [14th Dist.] 2002, pet.
denied)(citing Central Power & Light Co., 948 S.W.2d at 766-67; Beans v. Entex, Inc., 744
S.W.2d 323, 325 (Tex. App.--Houston [1st Dist.] 1988, writ denied); Huddleston, 93 S.W.2d
at 200). In addition, to the extent that such a duty would obligate a utility, before turning gas
or electricity on for a customer, to identify and inspect each of the customer's gas or electric
appliances for potential defects, such a burden would be unreasonable and well beyond the
range of ordinary care. Entex, 94 S.W.3d at 6.

 Applying these principles to the case at bar, the summary judgment should be
affirmed. The only evidence Appellants offer of actual knowledge is that of a former
Southern Union employee and a Fire Marshall, both of whom investigated the explosion. 
Both concluded that the explosion was caused by a faulty connector on the customer's
property. Neither testified that they saw the connector before the explosion and there was
no evidence that Southern Union installed the connector or serviced it. There were no
problems with the connector reported to Southern Union. After the investigation, the former
Southern Union employee conceded that the type of connector in Appellants' apartment was
not up to industry standards. Knowledge of what caused the explosion and knowledge of
industry standards, however, does not show that Southern Union "actually knew" of a
dangerous condition which would subject Southern Union to liability. Indeed, there was no
evidence in the record that Manuel Ruiz, the repair man for L & L Enterprises, knew of the
defect himself, nor was there evidence that any other independent contractor had knowledge
of the defect. Consequently, Southern Union had no duty to warn of a dangerous condition
because there is no evidence that Southern Union had actual knowledge of any dangerous
condition inside the apartment triplex. We adhere to the Texas rule that with absent actual
knowledge, utilities are not liable for dangerous conditions on customers' property.
Huddleston, 93 S.W.2d at 200; Romero, 948 S.W.2d at 767; Texaco, Inc. v. Central Power
& Light Co., 955 S.W.2d 373, 378 (Tex. App.--San Antonio 1997, pet. denied). The
underlying facts are not in dispute: Appellants were injured by a faulty connector not
installed, controlled, or owned by Southern Union. The summary judgment evidence
established that Southern Union owed no duty to Appellants. Issue No. Three is overruled.
Given our disposition of Issue No. Three, we need not address Issues No. One and Two. The
judgment of the trial court is affirmed.
 

January 21, 2004


 RICHARD BARAJAS, Chief Justice


Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.


1. In Issue No. Four, Appellants maintain that the trial court erred in granting summary judgment because
Appellee failed to establish as a matter of law that its gas tariff service rules preclude liability. In Issue No. Five,
Appellants assert that the trial court erred in granting summary judgment because the purported limitation of liability
in the gas tariff service rules fails to comply with fair notice doctrine. In Issue No. Six, Appellants argue that the trial
court erred in granting the summary judgment because Appellee failed to establish as a matter of law that it could not
be held liable for gross negligence.