Pauline BRADLEY, Petitioners,

v.

QUALITY SERVICE TANK LINES et al., Respondent.

No. C–2404.

Supreme Court of Texas.

Oct. 26, 1983.

Munson, Munson, Hynds, Gordon & Pierce, J. Don Gordon and Donald Johnston, Sherman, for petitioners.

Vial, Hamilton, Koch, Tubb & Knox, Robert G. Vial and James S. Renard, Dallas, for respondent.

PER CURIAM.

This is a wrongful death suit brought by the surviving parent of an adult child. Pauline Bradley sought damages resulting from the death of her 25 year old daughter Rebecca Bradley Schaflander. The trial court granted Quality Service Tank Lines [Quality] and Terry L. Sivley [Sivley] a summary judgment based upon the absence of genuine issues of fact concerning Pauline

**34**

Bradley's damages. The court of appeals affirmed. 654 S.W.2d 562.

Tex.R.Civ.P. 166–A requires a defendant who moves for judgment on an essential element of the plaintiff's case to establish that there exists no genuine issue of material fact on that element. The burden is on the movant to establish that he is entitled to judgment as a matter of law. *Glenn v. Prestegord,* 456 S.W.2d 901 (Tex.1970). We find that defendants have not met their burden. The court of appeals improperly affirmed the summary judgment based upon the non-movant, Bradley's, failure to establish a basis for the recovery of actual damages. Quality and Sivley failed to establish their right to judgment as a matter of law.

Therefore, pursuant to TEX.R.CIV.P. 483 we grant writ of error and without hearing oral argument reverse the judgments of the courts below and remand the cause for trial on the merits.