OPINION
 

 LARSEN, Justice.
 

 Martin Cortez appeals the trial court’s summary judgment favoring Liberty Mutual Fire Insurance Co. in this action for breach of the duty of good faith and fair dealing, stemming from Liberty Mutual’s cessation of weekly worker’s compensation benefits. We affirm.
 

 FACTS
 

 Martin Cortez worked as a machine operator for Eureka Company, riveting carpet nozzles to vacuum cleaner frames. He developed a repetitious trauma injury which caused him to lose work starting August 31, 1989. He underwent a carpal tunnel release with Dr. Vierra in May 1990. Liberty Mutual paid him weekly compensation benefits from September 1989 to November 1991.
 

 In June 1991, Mr. Cortez saw Dr. David Capen for an independent medical examination. After this exam, Dr. Capen opined that:
 

 My impression is that this man has reached maximum medical improvement.... I feel that he can return to work as a machine operator and simply would recommend that they fix the machine so that it doesn’t stick to the nozzle, therefore he would not have to bang it with his hands and he could operate the machine in an appropriate fashion without harming himself. I feel that Dr. Vierra has appropriately treated him since his surgery and now can release him to go back to work.
 

 Based upon this narrative, Liberty Mutual requested a prehearing conference to determine if there was a reasonable medical basis for suspending weekly benefits. It suspended benefits after the conference in November 1991.
 

 In response to an inquiry from Mr. Cortez’s counsel, Dr. Capen wrote another letter addressing the case in December 1991. In that letter, he stated that, as an independent medical evaluation (IME) doctor, he was not in a position to release Mr. Cortez to return to work, that remaining the prerogative of Dr. Vierra as treating physician. In that letter, however, Dr. Capen also stated:
 

 The man is suitable for work without restrictions. He can lift what he needs to lift in order to perform his job as a material assembler. My only restriction was, that the machine that he was working be fixed....
 

 Mr. Cortez has had adequate time to recover from his surgery and is now physically ready to go back to work.
 

 In October 1992, Mr. Cortez settled his worker’s compensation lawsuit. The agreed judgment in that cause contained the following recitations:
 

 On the date below, the Court heard the merits of this suit in the presence of all parties and counsel.
 

 [[Image here]]
 

 The Court finds that this suit involves disputed issues of liability, that the existence, duration and extent of Martin Cortez’s injuries and resulting incapacities and loss of use are uncertain, and Martin Cortez’s need for health care and services as well as other issues of fact, are undeter-minable.
 

 The Court further finds that this is a settlement of a disputed claim, and that the payment herein acknowledged is not an admission of liability by any party released herein, by whom all liability is expressly denied, and that such payment is made only to buy peace.
 

 Liberty Mutual filed its motion for summary judgment in the bad faith case, urging that: (1) reasonable basis for suspension of benefits was shown as a matter of law; (2) collateral estoppel barred the bad faith action;
 
 *469
 
 and (3) judicial admission barred the bad faith action. The trial court granted summary judgment without stating which of these three grounds it relied upon in doing so.
 

 STANDARD OF REVIEW
 

 The standard of review of a summary judgment on appeal is:
 

 1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;
 

 2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovants will be taken as true; and
 

 3. Every reasonable inference must be indulged in favor of the nonmovants and any doubts resolved in their favor.
 
 Nixon v. Mr. Property Management Company, Inc.,
 
 690 S.W.2d 546, 548-49 (Tex. 1985).
 

 Where defendant is movant, we limit our review to whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of plaintiffs’ cause of action.
 
 Gibbs v. General Motors Corporation,
 
 450 S.W.2d 827, 828 (Tex.1970);
 
 Zep Manufacturing Company v. Harthcock,
 
 824 S.W.2d 654, 658 (Tex.App.— Dallas 1992, n.w.h.). Because it is plaintiffs’ burden to establish each element of the cause of action, if defendant submitted summary judgment evidence disproving at least one element of the plaintiffs case, then the defendant’s summary judgment was properly granted.
 
 Bradley v. Quality Service Tank Lines,
 
 659 S.W.2d 33, 34 (Tex.1983);
 
 Rayos v. Chrysler Credit Corporation,
 
 683 S.W.2d 546, 547 (Tex.App. — El Paso 1985, no writ). In short, a summary judgment entered in favor of a defendant is proper only if the plaintiff could not succeed on any theory pleaded, as a matter of law.
 
 Delgado v. Bums,
 
 656 S.W.2d 428, 429 (Tex.1983);
 
 Gibbs,
 
 450 S.W.2d at 828.
 

 Where a summary judgment does not state the grounds upon which it is granted, as here, an appellant must show on appeal that each of the independent grounds alleged in the motion is insufficient to support the summary judgment.
 
 Southerland v. Northeast Datsun, Inc.,
 
 659 S.W.2d 889 (Tex.App. — El Paso 1983, no wilt).
 

 REASONABLE BASIS FOR SUSPENDING BENEFITS
 

 In his first point of error, Mr. Cortez asserts that the trial court erred in entering summary judgment because Dr. Capen’s IME did not constitute a reasonable basis for the cessation of Mr. Cortez’s compensation benefits.
 

 A worker’s compensation claimant asserting that a carrier has breached its duty of good faith and fair dealing must establish: (1) the absence of a reasonable basis for delaying or denying payment of the benefits of the policy; and (2) that the earner knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim.
 
 Aranda v. Insurance Co. of North Amenca,
 
 748 S.W.2d 210, 213 (Tex.1988). A bad faith cause of action is not satisfied by proof that a carrier should have paid claimant’s benefits; it requires the worker to prove a negative, that
 
 no reasonable basis existed
 
 for denying, delaying, or stopping payment.
 
 State Farm Lloyds Inc. v. Polasek,
 
 847 S.W.2d 279, 283 (Tex.App. — San Antonio 1992, writ denied); see also
 
 Lyons v. The Millers Casualty Insurance Co. of Texas,
 
 866 S.W.2d 597, 600-01 (1993). Carriers have the right to deny invalid or questionable claims and are not subject to liability for mere erroneous denial of a claim.
 
 Aranda,
 
 748 S.W.2d at 213. If there is conflicting evidence on the issue of whether any reasonable basis existed for a carrier’s action on a claim, a jury issue is present and summary judgment is inappropriate. Where there is uncontroverted evidence of a reasonable basis, however, the bad faith claim is defeated as a matter of law.
 
 Polasek,
 
 847 S.W.2d at 284. On summary judgment, moreover, although we consider all
 
 controverted
 
 evidence in the light most favorable to the nonmovant, we are not required to disre
 
 *470
 
 gard undisputed evidence favoring movant.
 
 Polasek,
 
 847 S.W.2d at 283.
 

 Plaintiffs bad faith case is based upon his reading of the Industrial Accident Board Rules, which provide that:
 

 (a) A carrier may not suspend payment of weekly or other periodic benefits pending final adjudication until there exists evidence justifying suspension. However, in no event, unless directed otherwise by the board, shall a carrier suspend benefits until:
 

 [[Image here]]
 

 (2) the injured employee is released by a physician to return to work without restrictions; 28 Tex.Admin.Code § 53.63 (West 1994) (Suspension of Weekly Compensation).
 

 Mr. Cortez argues that the carrier’s reliance on Dr. Capen’s medical opinion, which did not amount to a release by a treating physician, violated this board rule. He relies upon the case of
 
 T.E.I.A. v. Puckett,
 
 822 S.W.2d 133, 138 (Tex.App. — Houston [1st Dist.] 1991, writ denied)
 
 [1]
 
 in arguing that where a carrier’s conduct violates existing law that establishes the lack of reasonable basis for denying benefits. The carrier, on the other hand, argues that it may rely upon a medical opinion, which need not necessarily amount to a formal release by the treating physician, and which may be an IME, as a reasonable basis for stopping weekly benefits.
 
 Fuentes v. T.E.I.A.,
 
 757 S.W.2d 31, 33 (Tex.App. — San Antonio 1988, no writ). Under the circumstances of this case, we agree with the carrier that Dr. Capen’s opinion, although not a release from a treating physician, did constitute a reasonable basis as a matter of law.
 

 Dr. Capen’s unequivocal opinion was that Mi'. Cortez was able to return to work without restrictions. This opinion was uncontro-verted in the summary judgment record, either by Mr. Cortez’s treating physician, or by his own affidavit that he was incapable of working. The carrier did not immediately cease making weekly payments, but continued them until a pre-hearing conference was held. The uncontroverted evidence in this case supports the trial court’s summary judgment. Point of Error One is overruled.
 

 COLLATERAL ESTOPPEL AND JUDICIAL ADMISSION
 

 In his Points of Error Two and Three, Mr. Cortez challenges the summary judgment because he claims the doctrines of collateral estoppel and judicial admission did not preclude the bad faith case here, even though he signed an agreed judgment in the underlying workers’ compensation case acknowledging that liability was disputed, his injuries and incapacities were uncertain, and his need for health care and services was undeterminable. We disagree. The agreed judgment in this case, approved and agreed to by Mr. Cortez and his counsel, established a reasonable basis for stopping weekly benefits by admitting plaintiffs claims were disputed, uncertain and indeterminable. No language within the release attempted to exempt the bad faith claim from these concessions. The judgment, under both the doctrines of collateral estoppel and judicial admission, established as a matter of law that no bad faith claim existed.
 
 Price v. T.E.I.A,
 
 782 S.W.2d 938, 940-41 (Tex.App. — Tyler 1989, no writ). Compare
 
 Transportation Insurance Co. v. Moriel,
 
 879 S.W.2d 10, 14-15 (Tex.1994);
 
 Torchia v. Aetna Casualty and Surety Co.,
 
 804 S.W.2d 219, 222-23 (Tex. App. — El Paso 1991, writ denied);
 
 Izaguirre v. T.E.I.A,
 
 749 S.W.2d 550, 555 (Tex.App.— Corpus Christi 1988, writ denied). We overrule Points of Error Two and Three.
 

 CONCLUSION
 

 Defendant Liberty Mutual established as a matter of law that plaintiff Cortez could not prevail on his bad faith claim. The trial court properly entered summary judgment, and we affirm.
 

 [1]
 

 .
 
 Puckett
 
 upheld a sizeable bad faith judgment against a worker’s compensation carrier, where the carrier directly violated a number of the compensation laws, acts which its own expert admitted were unreasonable.
 
 Puckett
 
 is distinguishable, as there the carrier unilaterally terminated weekly benefits when the worker was still unable to work, without the benefit of any medical release from any source.
 
 Puckett
 
 does not control here.