COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 MARIA DE JESUS RODRIGUEZ,
  
                             Appellant,
  
 v.
  
 GUADALUPE
 M. PADIN,
  
                             Appellee.
  
 
 
  
  
 '
  
 '
  
 '
  
 '
  
  
 
 
  
 No. 08-01-00067-CV
  
 Appeal from the
  
 41st Judicial District
 Court
  
 of El Paso County, Texas
  
 (TC# 99-1415)
 
 




 

O P I N I O N

 

This is an appeal from the
granting of summary judgment.  For the
reasons stated, we affirm in part, and reverse and remand in part.

I. SUMMARY OF THE EVIDENCE

In May 1997, Appellant, Maria
de Jesus Rodriguez, purchased a home from Appellee,
Guadalupe Padin.  
The home was located at 5744 Calgary, El Paso, Texas.  After a period of  timed, Appellant was late on her
payments.   On November
 17, 1997,
Appellee sent a notice to cure to Appellant.  A second notice to cure was sent on December
 3, 1997.  Appellant filed for bankruptcy before the
foreclosure sale which was scheduled for March 3,
 1998.  The bankruptcy court lifted the automatic
stay on August 12, 1998, the property was posted for a
foreclosure sale on October 6, 1998, and was sold the same
day.  

 








After the foreclosure sale, Appellee filed an eviction proceeding.   A Default Judgment of Eviction was entered on
November 17, 1998. 
Appellant was finally evicted after unsuccessful appeals to the County
Court at Law No. 7, this Court, and the Texas Supreme Court.  See Rodriguez v. Padin,
No. 08-99-00330-CV (Tex. App.--El Paso, June
 8, 2000,
pet. denied)(not designated for publication).

Appellant filed this suit in
April 1999, seeking injunctive and declaratory relief, and asserting causes of
action for DTPA violations, Debt Collection Act violations, intentional
infliction of emotion distress, and wrongful foreclosure.  Appellee=s Motion for Summary Judgment
was granted on November 22, 2000.   This appeal follows.

II. DISCUSSION

Appellant presents one issue
attacking the granting of summary judgment. 
We begin with a discussion of the standard of review.

A. Summary Judgment Standard of
Review

The standard of review on
appeal is whether the successful movant at the trial
level carried its burden of showing that there is no genuine issue of material
fact and that a judgment should be granted as a matter of law.  See Cortez v. Liberty Mut.
Fire Ins. Co., 885 S.W.2d
466, 469 (Tex. App.--El Paso 1994, writ denied); Lear Siegler, Inc. v. Perez, 819
S.W.2d 470, 471 (Tex. 1991); Nixon
v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985).  Thus, the question on appeal is not whether
the summary judgment proof raises fact issues as to required elements of the movant=s cause or claim, but whether
the summary judgment proof establishes, as a matter of law, that there is no
genuine issue of material fact as to one or more elements of the movant=s cause or claim.  See Gibbs v. General Motors, 450 S.W.2d 827, 828 (Tex. 1970).








In resolving the issue of
whether the movant has carried this burden, all
evidence favorable to the non-movant must be taken as
true and all reasonable inferences, including any doubts, must be resolved in
the non-movant=s favor.  See DeLuna
v. Guynes Printing Co., 884 S.W.2d 206, 208 (Tex.
App.--El Paso 1994, writ denied); Nixon, 690 S.W.2d at 548-49.  Where the defendants are the movants and they submit summary evidence disproving at
least one essential element of each of plaintiff=s causes of action, then
summary judgment should be granted.  See
Perez, 819 S.W.2d at 471; Bradley v. Quality Serv.
Tank Lines, 659 S.W.2d 33, 34 (Tex. 1983); Cortez, 885
S.W.2d at 469.  Furthermore, when a trial
court=s order granting summary
judgment does not specify the ground or grounds relied on for the ruling,
summary judgment will be affirmed on appeal if any of the theories advanced are
meritorious.  See State Farm Fire
& Cas. Co. v. S.S., 858 S.W.2d 374, 380
(Tex.1993);  Rogers v. Ricane
Enter. Inc., 772 S.W.2d 76,
79 (Tex. 1989). 

Appellant argues that Appellee failed to carry her burden of showing there were
no genuine issues of fact in Appellant=s claims for wrongful
foreclosure, DTPA violations, debt collection violations, and intentional
infliction of emotional distress. 
However, Appellant=s claims for wrongful
foreclosure, DTPA violations, and debt collection violations arise from the
underlying complaint that Appellee did not send a
third notice to cure after the bankruptcy court lifted the stay.  She argues that Appellee
failed to give her the opportunity to cure after the stay was lifted. We agree.








It is undisputed that Appellee sent two notices to cure and a notice of
acceleration prior to Appellant filing for bankruptcy protection.   After Appellant filed bankruptcy, she
continued to tender payments to Appellee, through the
bankruptcy trustee.  In her affidavit,
Appellant stated that Appellee accepted $428 on March
 25, 1998
as payments for March and April of 1998. 
Appellant stated that Appellee accepted the
following amounts from the bankruptcy trustee: $258.96 on March
 25, 1998,
$86.57 on May 25, 1998, $86.59 on June
 25, 1998,
and $64.45 on July 25, 1998.  Appellant also tendered a check in the amount
of $430 in September 1998, but Appellee returned
it.  Appellee
sent another notice of acceleration after the stay was lifted, which stated
$11,427.34 was the amount due.  In
addition, $1,130 for attorney=s fees and cost and $1,551.40
for the first lien mortgage holder was due. 
However, a third notice of the right to cure was not sent to
Appellant.  

Section 51.002(d) of the Texas
Property Code requires the holder of the debt to serve the debtor with written
notice of the default.  See Tex. Prop. Code Ann. ' 51.002(d) (Vernon 1995).  The debtor must be given at least twenty (20)
days to cure the default before notice of sale can be given.  See Tex.
Prop. Code Ann. ' 51.002(d).  It is undisputed that Appellee
never sent a third notice to cure.  Appellee argues that a new notice to cure was not necessary
because the bankruptcy court=s order did not require
one.  The Order Lifting Stay provided the
following:

On this day came on before the Court
the Motion of GUADALUPE PADIN, as owner, Movant, for
Relief from the Automatic Stay.  The
Court being advised in the premises is of the opinion the Motion should be
granted.  Therefore, it is

 

ORDERED that the stay afforded by 11 U.S.C.
Section 362 is terminated with respect to Movant, and
Movant is authorized to post for foreclosure sale and
foreclose her lien in accordance with her Deed of Trust and applicable law on
the following described property, to-wit:

 

Lot 26, Block 10, COLONIA VERDE ADDITION
UNIT 2, an addition to the City of El Paso, El Paso County, Texas, according to the Plat thereof
recorded in Volume 6, Page 51 of the Plat Records of El Paso County, Texas. 








While the order does not
expressly require a new notice to cure, it does provide that Appellee must proceed Ain accordance with the Deed of
Trust and applicable law.@  We find that 
Appellee did not proceed to foreclosure in
accordance with applicable law since she admittedly failed to send a third notice
to cure as required, as a result of having accepted payments after the second
notice to cure and notice of acceleration. 
Undoubtedly, the third notice would have reflected an amount due which
was less than the amount due in the second notice since Appellant made payments
while her bankruptcy was pending.  For
these reasons, summary judgment was improper. We sustain that portion of Issue
No. One as it relates to Appellant=s causes of action for wrongful
foreclosure, DTPA violations, and debt collection violations.

We now turn to Appellant=s claim of intentional
infliction of emotional distress.  In her
Original Petition, Appellant claimed that Appellee
caused her emotional distress by persisting in foreclosing upon her homestead,
in refusing to accept payments, and in improperly accelerating the note.  In her motion for summary judgment, Appellee argued that she never had contact with Appellant
since her attorney undertook the foreclosure proceedings.  She further alleged that Appellant failed to
allege sufficiently egregious conduct in her petition to entitle Appellant to
seek recovery for intentional infliction of emotional distress.  In her response, Appellant argued only that Appellee=s attorney was acting on Appellee=s behalf and that his conduct
could be imputed to her.  Appellant
provided no evidence that she was suffering from any
kind of emotional distress, nor did she outline any symptoms.  In fact, she does not even address that claim
in the affidavit provided in opposition to Appellee=s summary judgment motion.  For these reasons, we find that summary
judgment was proper on Appellant=s claim of intentional
infliction of emotional distress.  This portion of Issue No. One is overruled.

Having sustained the portion of
Issue No. One
relating to Appellant=s claims for wrongful foreclosure,
DTPA violations, and debt collection violations, we reverse and remand to the
trial court for further proceedings.  Having overruled the portion of Issue No. One relating to
Appellant=s claims for intentional infliction of
emotional distress, we affirm that portion of the trial court=s judgment. 

 

August 26, 2002

 

                                                                                                       RICHARD BARAJAS,
Chief Justice

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)