Criminal Case Template














COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




LONNIE HORWOOD AND DAVID
LAWRENCE GLASS,


 Appellants,


v.


WAGNER & BROWN, LTD. AND
CANYON ENERGY, INC., D/B/A
CANYON PIPELINE CORP.,


 Appellees.

§


§


§


§


§

No. 08-98-00234-CV


Appeal from the


238th Judicial District Court


of Midland County, Texas


(TC# CV42,213)


M E M O R A N D U M O P I N I O N O N R E M A N D



 Appellants, Lonnie Horwood and David Lawrence Glass, sued Appellees, Wagner &
Brown, Limited, and Canyon Energy, Inc., d/b/a Canyon Pipeline Corporation, for
underpayment of royalties. Appellants brought claims for breach of the express terms of
their oil and gas leases, breach of the implied covenant to manage and administer the leases
as a reasonably prudent operator, unjust enrichment, and an accounting. Appellees moved
for summary judgment. The trial court granted the motion on the sole ground of limitations,
barring "any claims for royalty payments arising more than four years before suit was filed." Appellants timely appealed and argued that the summary judgment was erroneous
based on fraudulent concealment and the discovery rule. This Court reversed and remanded,
holding that the discovery rule applied. See Horwood v. Wagner & Brown, Ltd., 61 S.W.3d
1, 10 (Tex. App.--El Paso 1999), rev'd by 58 S.W.3d 732 (Tex. 2001). The fraudulent
concealment claim was not addressed. Appellees appealed to the Texas Supreme Court and
in its opinion, the court held that the discovery rule did not apply and remanded the case to
this Court for further proceedings. See Wagner & Brown, Ltd. v. Horwood, 58 S.W.3d 732
(Tex. 2001).

 On remand, this Court ordered that the parties brief the following issue: "Whether the
fraudulent concealment doctrine tolled the statute of limitations." This is the only issue
presented. (1)

I. DISCUSSION

 The sole remaining issue in this appeal is whether Appellants raised a fact issue on
their fraudulent concealment claim sufficient to defeat the summary judgment granted by the
trial court on Appellees' statute of limitations defense. We begin with a discussion of the
standard of review. 

A. Summary Judgment Standard of Review

 The standard of review on appeal is whether the successful movant at the trial level
carried its burden of showing that there is no genuine issue of material fact and that a
judgment should be granted as a matter of law. See Lear Siegler, Inc. v. Perez, 819 S.W.2d
470, 471 (Tex. 1991); Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex.
1985); Cortez v. Liberty Mut. Fire Ins. Co., 885 S.W.2d 466, 469 (Tex. App.--El Paso 1994,
writ denied). Thus, the question on appeal is not whether the summary judgment proof raises
fact issues as to required elements of the movant's cause or claim, but whether the summary
judgment proof establishes, as a matter of law, that there is no genuine issue of material fact
as to one or more elements of the movant's cause or claim. See Gibbs v. General Motors
Corp., 450 S.W.2d 827, 828 (Tex. 1970).

 In resolving the issue of whether the movant has carried this burden, all evidence
favorable to the non-movant must be taken as true and all reasonable inferences, including
any doubts, must be resolved in the non-movant's favor. See Nixon, 690 S.W.2d at 548-49;
DeLuna v. Guynes Printing Co., 884 S.W.2d 206, 208 (Tex. App.--El Paso 1994, writ
denied). Where the defendants are the movants and they submit summary evidence
disproving at least one essential element of each of plaintiff's causes of action, then summary
judgment should be granted. See Perez, 819 S.W.2d at 471; Bradley v. Quality Serv. Tank
Lines, 659 S.W.2d 33, 34 (Tex. 1983); Cortez, 885 S.W.2d at 469.

B. Fraudulent Concealment

 The elements of fraudulent concealment are: (1) the existence of the underlying tort;
(2) the defendant's knowledge of the tort; (3) the defendant's use of deception to conceal the
tort; and (4) the plaintiff's reasonable reliance on the deception. Mitchell Energy Corp. v.
Bartlett, 958 S.W.2d 430, 439 (Tex. App.--Fort Worth 1997, pet. denied). If the plaintiff
relies on the doctrine of fraudulent concealment to avoid limitations, the plaintiff has the
burden to raise a fact issue on all elements of the doctrine in order to defeat summary
judgment. KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 749
Tex. 1999); Gibson v. Ellis, 58 S.W.3d 818, 824 (Tex. App.--Dallas 2001, no pet.). 

1. Existence of the Underlying Tort or Wrong

 Appellants argue that the underlying tort or wrong was underpayment of royalties
caused by the excessive amounts of money Wagner & Brown paid to Canyon for gathering
and compression. Appellants assert that because this money came directly from the gas
purchase price received by Wagner & Brown, its payment to Canyon reduced the amount
realized from the sale of gas at the well, which is the amount upon which Appellants' royalty
is based.

 The leases provide that royalty is paid on the amount realized from the sale of the gas
at the wells. Under Texas law, a reasonable charge can be deducted from the amount
realized from the sale of gas at the well for such post-production activities as gathering,
compression and dehydration. Le Cuno Oil Co. v. Smith, 306 S.W.2d 190, 194-95 (Tex. Civ.
App.--Texarkana 1957, writ ref'd n.r.e.), cert. denied, 356 U.S. 974 (1958). Portions of the
leases at issue specifically authorize Wagner & Brown to deduct a reasonable charge from
the amount realized from the gas for the post-production activities at issue here.


 Thus, the question should be whether or not an unreasonable amount was deducted
from Appellants' royalty. Appellees argue that while Appellants' expert opined that the
charges were unreasonable and excessive, this alone does not establish a fact issue as to
whether or not they were excessive. The expert's testimony that Canyon's charges to
Valero/TUFCO were unreasonable or excessive begs the question. Appellants produced no
evidence that the amount deducted from their royalty each month was excessive or
unreasonable. Appellants failed to raise a fact issue as to the existence of an underlying tort
or wrong. The judgment of the trial court is affirmed. 

February 20, 2004


 RICHARD BARAJAS, Chief Justice



Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.
1. See Horwood v. Wagner & Brown, Ltd., 61 S.W.3d 1, 10 (Tex. App.--El Paso 1999), rev'd by 58 S.W.3d
732 (Tex. 2001) for a complete recitation of the facts.