Criminal Case Template








COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



CARLTON PROCTOR, BRANDYE
PROCTOR NORMAN, EVA SMITH,
BARBARA LYNN, TRINA BRIDGEMAN
SANTIAGO, TREVA BRIDGEMAN
WALKER, VIRGINIA MAE WHITE,
AND JUANITA RUTH PROCTOR,

                            Appellants,

v.

GLENDA WHITE, INDIVIDUALLY AND
AS INDEPENDENT EXECUTRIX OF
THE ESTATE OF CLYDE C. WHITE,
AND C. CARLTON WHITE, INC., 

                            Appellees.

§

§

§

§

§

§
§
§
§






No. 08-02-00543-CV

Appeal from the

County Court at Law

of Midland County, Texas

(TC# P13,120)



OPINION
            This is an appeal from a summary judgment granted in favor of Appellees in a lawsuit filed
by numerous family members contesting the validity of a will filed in the Estate of Clyde C. White
and also asserting various claims against the estate based upon the actions of Mr. White before his
death, claiming fraud and various other torts. The trial court originally granted a partial summary
judgment in favor of Appellees on the issue of the competency of Clyde C. White and the question
of undue influence, allowing for the admission to probate of the Last Will and Testament of Clyde
C. White. Subsequently, the Court severed several causes of action asserted by the Appellants under
the Texas Trust Act and transferred those claims to District Court. Finally, the trial court considered
the Appellees’ Motion for Summary Judgment filed on the remaining issues and granted the motion
entering a final summary judgment in favor of Appellees. Appellants appeal in two issues
challenging the court’s granting of the summary judgments. For the reasons stated, we affirm.
I. SUMMARY OF THE EVIDENCE
            Clyde C. White died on March 28, 2001, in Midland County, Texas. On April 10, 2001, an
application for probate of his will was filed. On May 16, 2001, Appellants Virginia Mae White and
Juanita Ruth Proctor, daughters of Clyde C. White, filed their opposition to probate of the will
claiming that their father lacked testamentary capacity to make a valid will and that Appellee Glenda
White, their stepmother, exerted undue influence over Clyde C. White at the time of the execution
of the will in question. Appellants, Carlton Procter, Brandye Proctor Norman, Eva Smith, Barbara
Lynn, Trina Bridgeman Santiago and Treva Bridgeman Walker, joined in the filing by including an
Original Petition asserting various causes of action for fraud, breach of fiduciary duty, civil
conspiracy, violations of the Texas Trust Act, conversion of property and theft. On December 5,
2001, Glenda White filed a motion for partial summary judgment addressing the claims of
testamentary capacity and undue influence. On January 24, 2002, Virginia White and Juanita Proctor
filed their response to the motion, arguing that issues of material fact existed. On May 7, 2002, the
trial court granted Glenda White’s motion for partial summary judgment, finding that the last will
and testament of Clyde C. White was a valid will and that it should be admitted to probate. 
Thereafter, the court set the matter for trial, severing the claims related to the causes of action based
on a constructive trust and violations of the Texas Trust Act, transferring them to the district court. 
            The remaining Appellants’ causes of action relating to allegations of fraud and breach of
fiduciary duty were challenged by Appellees’ Motion for Summary Judgment filed October 22, 2002. 
Appellants Carlton Proctor, Brandye Proctor Norman, Eva Smith, Barbara Lynn, Trina Bridgeman
Santiago and Treva Bridgeman Walker, filed their response on November 6, 2002. A supplement
to the response was filed on November 8, 2002. Glenda White filed a reply on November 12, 2002. 
The trial court granted final summary judgment on November 21, 2002. This appeal follows.
II. DISCUSSION
A. Issue Number One
            In Issue No. One, Appellants argue that the trial court erred in granting the May 7, 2002
partial summary judgment concerning the claims of lack of testamentary capacity and undue
influence. We read this as a legal and factual sufficiency of the evidence challenge, though
Appellants’ issue on appeal only contains general language and does not complain of the specific
error to be addressed on appeal. Before we reach the merits of their challenge, however, we note that
Appellants have failed to cite any case law in support of their position. Their argument on appeal
consists of several pages of references to depositions and documents filed in the clerk’s record in
support of a series of factual allegations but not a single reference to a relevant case or legal
principal. Because the issue is not adequately briefed, it is waived. Tex. R. App. P. 38.1(h).
B. Summary Judgment Standard of Review
            Issue No. Two complains that the court erred in granting Appellees’ Motion for Summary
Judgment. The standard of review on appeal is whether the successful movant at the trial level
carried its burden of showing that there is no genuine issue of material fact and that a judgment
should be granted as a matter of law. See Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex.
1991); Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985); Cortez v. Liberty
Mut. Fire Ins. Co., 885 S.W.2d 466, 469 (Tex.App.--El Paso 1994, writ denied). Thus, the question
on appeal is not whether the summary judgment proof raises fact issues as to required elements of
the movant’s cause or claim, but whether the summary judgment proof establishes, as a matter of
law, that there is no genuine issue of material fact as to one or more elements of the movant’s cause
or claim. See Gibbs v. General Motors, 450 S.W.2d 827, 828 (Tex. 1970).
            In resolving the issue of whether the movant has carried this burden, all evidence favorable
to the non-movant must be taken as true and all reasonable inferences, including any doubts, must
be resolved in the non-movant’s favor. See Nixon, 690 S.W.2d at 548-49; DeLuna v. Guynes
Printing Co., 884 S.W.2d 206, 208 (Tex.App.--El Paso 1994, writ denied). Where the defendants
are the movants and they submit summary evidence disproving at least one essential element of each
of plaintiff’s causes of action, then summary judgment should be granted. See Perez, 819 S.W.2d
at 471; Bradley v. Quality Serv. Tank Lines, 659 S.W.2d 33, 34 (Tex. 1983); Cortez, 885 S.W.2d at
469. Furthermore, when a trial court’s order granting summary judgment does not specify the
ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of
the theories advanced are meritorious. See State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380
(Tex. 1993); Rogers v. Ricane Enter. Inc., 772 S.W.2d 76, 79 (Tex. 1989).  
            Under the “no-evidence summary judgment” rule, the movant may move for summary
judgment if, after adequate time for discovery, there is no evidence of one or more essential elements
of a claim or defense on which the nonmovant would have the burden of proof at trial. Tex.R.Civ.P.
166a(I). The motion must state the elements as to which there is no evidence. Id. The reviewing
court must grant the motion unless the nonmovant produces summary judgment evidence raising a
genuine issue of material fact. Id. Under the no evidence summary judgment standard, the party
with the burden of proof at trial will have the same burden of proof in a summary judgment
proceeding. See, e.g., Esco Oil & Gas, Inc. v. Sooner Pipe & Supply Corp., 962 S.W.2d 193, 197
n.3 (Tex.App.--Houston [1st Dist.] 1998, pet. denied) (commenting that under Rule 166a(I) “the
plaintiff as the nonmovant [has] the burden to raise a triable issue on each element essential to the
plaintiff's case against each defendant.”).
            The San Antonio Court of Appeals states the applicable standard of review for no-evidence
summary judgments as follows: “‘A no-evidence summary judgment is essentially a pretrial directed
verdict,’ and we apply the same legal sufficiency standard in reviewing a no-evidence summary
judgment as we apply in reviewing a directed verdict.” Moore v. K Mart Corp., 981 S.W.2d 266,
269 (Tex.App.--San Antonio1998, pet. denied); see also Hon. David Hittner & Lynne Liberato,
Summary Judgments in Texas, 34 Hous. L. Rev. 1303, 1356 (1998) (no evidence summary judgment
is essentially pretrial directed verdict). 
             A no-evidence summary judgment is properly granted if the nonmovant fails to bring forth
more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential
element of the nonmovant’s claim on which the nonmovant would have the burden of proof at trial.
See Tex.R.Civ.P. 166a(I); Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711
(Tex. 1997), cert. denied, --- U.S. ----, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). If the evidence
supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in
their conclusions, then more than a scintilla of evidence exists. See Havner, 953 S.W.2d at 711. 
Less than a scintilla of evidence exists when the evidence is “so weak as to do no more than create
a mere surmise or suspicion” of a fact, and the legal effect is that there is no evidence. Kindred v.
Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).
C. Issue Number Two
            In Issue No. Two, Appellants argue that the trial court erred in granting summary judgment
relating to the claims of breach of fiduciary duty, common law fraud, conversion, theft and civil
conspiracy. Appellants filed several pleadings asserting various causes of action on the part of some
or all the Appellees. The asserted causes of action include the following:
1) that Appellant “Carlton Proctor has never received any of the funds under” the Ingeborg White
Testamentary Trust; 

2) that Appellant “Brandye Proctor Norman has received some funds under this Trust, but upon
further information and belief, has not received all of the funds to which she is entitled”; 

3) that Clyde White failed to provide an accounting; 

4) that Clyde White concealed an alleged fraud by having his divorce decree with Ingeborg White
entered without showing an alleged $500,000.00 debt to Ingeborg White; 

5) that Clyde White concealed an alleged fraud by filing an Inventory, Appraisement and List of
Claims for the Ingeborg White Estate by failing to disclose the alleged $500,000.00 debt; 

6) that Clyde White concealed an alleged fraud by using assets and multiple corporations to allegedly
hide, transfer and conceal assets; 

7) that Clyde White concealed a fraud by allegedly transferring assets amongst trusts and multiple
corporations; 

8) that Clyde White commingled funds of the Ingeborg White Testamentary Trust with his own
property; 

9) with regard to Appellants Eva Smith, Barbara Lynn, Trina Bridgeman Santiago, Treva Bridgeman
Walker, that “Clyde White confiscated and took all the assets of the estate of Emma Lou White and
used those assets for his own benefit and the benefit of his wife Glenda Sue White.”; 

10) that Clyde White did not distribute assets from the estate of Emma Lou White pursuant to the
laws of descent and distribution; 

11) that Clyde White concealed his fraud and breach of fiduciary duty by failing and refusing to
provide records or an accounting; 

12) that Clyde White further concealed his fraud and breach of fiduciary duty by failing to apply for
an administration of the Emma Lou White estate; 

13) with regard to Appellants Trina Bridgeman Santiago and Treva Bridgeman Walker, that Clyde
White confiscated the assets of their mother’s estate (Pat Bridgeman, Clyde White’s sister), and
never filed an inventory, appraisement, and list of claims; 

14) that Clyde White and Glenda White used the estate for their own purposes and uses and did not
provide any of the estate to Appellants; 

15) that Clyde White concealed his fraud and breach of fiduciary duty by failing and refusing to
provide records, by failing to perform his duties as independent executor of the Pat Bridgeman
Estate, and by failing to file an inventory, appraisement, and list of claims; and 

16) that Clyde White commingled funds of the Pat Bridgeman Estate with his own separate and
community property; 

Appellants sought damages, exemplary damages, an accounting, an appointment of an auditor,
prejudgment interest and attorney’s fees. Appellants also sought a declaratory judgment that Clyde
White did not own C. Carlton White, Inc., and that all assets of C. Carlton White, Inc. be excluded
from the estate of Clyde White. 
            Appellees filed a motion for summary judgment against all the causes of action asserted by
the plaintiffs alleging traditional grounds based on the affirmative defense of statute of limitations
to most of the claims and as a “no evidence” motion for summary judgment under Texas Rules of
Civil Procedure Rule 166 (a)(I). The trial court granted the motion without specifying the grounds. 
We note for the record, that Appellants’ response


 though lengthy, is repleat with broad references
to factual allegations which Appellants’ indicate that they will prove at a future time. Appellant uses
the terms, “the jury will have sufficient evidence,” “a similar affidavit [to one which is attached to
this response] is being submitted . . . and request for late filing of same is hereby made.” Appellants
“will present testimony,” Appellants “will show” all reflecting an intention for Appellants to present
evidence in some future proceeding. The evidence which Appellants contend exists to prove these
complaints is not included in the record. Further, a review of Appellants’ response to the motion for
summary judgment consistently references the depositions and exhibits attached to Appellee’s
motion for summary judgment in broad, general, terms as proof that “there are genuine issues of
material fact” without further explanation or argument. Appellant’s response is difficult to
understand and their summary judgment proof consists of references to the depositions attached to
Appellee’s motion, a few documents which illustrate various transactions that occurred among the
parties, and three affidavits. The affidavits consist of two documents prepared by Virginia White,
attached as exhibits “A” and “F”to the response and one by D.L. Caldwell attached as exhibit “D.” 
None of the documents attached provide any evidence supportive of the cause of actions asserted by
the Appellants. Whether the documents could become relevant or supportive cannot be determined
because of the manner in which the response was drafted. Appellants do not present any argument
which explains how any of the documents are proof in support of the allegations and the affidavits
on their face prove nothing. Broad conclusory statements are not valid summary judgment evidence. 
See Heiser v. Eckerd Corp. 983 S.W.2d 313, 316 (Tex.App.--Fort Worth1998, no pet.). Turning
to the affidavits, we note that the affidavits provide no evidence of wrong doing on the part of Clyde
White and amount to no more than the speculative musings of two members of this family in
conflict. Virginia White’s affidavit attached as Exhibit “A” to Appellants’ response is merely a
record of her observation of the removal of a metal box from the home of Ingeborg White upon the
death of Ingeborg White, December 3, 1984, by Clyde C. White. Virginia White states that the box
was one in which Ingeborg White’s important papers were kept. She has not seen the box since that
time. Significantly, she makes no mention of what important documents were contained in the box
nor does she testify that she ever had any personal knowledge about the contents stored therein. 
Appellants tender this affidavit as proof of the existence of a note reflecting a debt of $500,000
allegedly owed by Clyde White to the Estate of Ingeborg White. The affidavit as submitted is no
evidence of the existence of a note nor is it any evidence of the existence of the $500,000 debt. 
Virginia White provides a second affidavit describing her involvement with the documentation and
clarification of a series of financial transactions that occurred between Emma White (Clyde White’s
mother), and Clyde White during some type of IRS investigation of Clyde White in 1989. The
affidavit explains that Virginia White prepared some written reports tracking transactions based
upon the information provided to her by Clyde White. She stated that “[i]t was a very limited
parameter I had access to” confirming that her own knowledge about the transactions at issue is
incomplete. The affidavit itself is, in essence, a list of several transactions about which Virginia
White has some knowledge. The affidavit fails to make any affirmative representations of wrong
doing about which Virginia White has knowledge. Again, it is nothing more that mere speculation
and does not rise to the level of more than a scintilla of evidence.
            In sum, Appellant’s response is essentially a pronouncement that the accumulated documents
establish that “there are genuine issues of material fact” and, therefore, Appellee’s motion for
summary judgment should be denied. In fact, a review of the summary judgment evidence
establishes that the evidence provided “is ‘so weak as to do no more than create a mere surmise or
suspicion’ of a fact, and the legal effect is that there is no evidence.” See, Kindred v. Con/Chem,
Inc., 650 S.W.2d 61, 63 (Tex. 1983). For the reasons stated, we affirm the trial court’s ruling and
overrule Appellants’ Issue No. Two.
            Having overruled all Appellants’s issues on review, we affirm the judgment of the trial
court. 


October 28, 2004                                                  
                                                                                    RICHARD BARAJAS, Chief Justice

Before Panel No. 2
Barajas, C.J., McClure and Chew, JJ.