Jim REID, Appellant,

v.

COMPASS GROUP USA, INC. d/b/a Chartwells School Dining Service, Appellee.

No. 08-04-00263-CV.

Court of Appeals of Texas, El Paso.

Aug. 18, 2005.

---

Dana T. Blackmore, Law Office of Dana T. Blackmore, Houston, for Appellant.

Blaine Hummel, Ireson & Weizel, P.C., Houston, for Appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from a summary judgment granted in favor of Appellee in a lawsuit filed by Appellant as the result of personal injuries he allegedly sustained on the premises of the University of Houston Clear Lake Campus. Appellant Jim Reid was working on the premises in question when he allegedly came in contact with a live wire causing him to suffer an electrocution and serious injuries. Appellee filed a motion for summary judgment which contained grounds alleging both traditional and "no-evidence" grounds for dismissal. The trial court granted the motion without specifying the grounds. Appellant appeals in two issues challenging the court's granting of the summary judgments. For the reasons stated, we affirm.

## I. SUMMARY OF THE EVIDENCE

On March 9, 2001, Appellant was performing maintenance and service work in the cafeteria of the University of Houston Clear Lake Campus when he came in contact with a live wire and was electrocuted. Appellee Compass Group USA, Inc. d/b/a Chartwells School Dining Service ("Chartwells") provided food services for the campus pursuant to a contract with the University of Houston. Chartwells hired Gerald Cruz & Associates to handle certain renovation work to be performed in the cafeteria. Some time after the renovations were completed, Appellant was performing services for the University of Houston and was injured by coming in contact with a live wire. Appellant contends that Chartwells, with co-Defendant Cruz, was negligent for the failure to remove the live wire. Appellant filed suit against both Chartwells and Gerald Cruz & Associates. Chartwells filed a motion for summary judgment raising both traditional and "no-evidence" grounds. On May 7, 2004, the trial court granted Chartwells' motion without specifying the grounds. Chartwells filed a motion to sever the action below which was granted.

This appeal follows.

## II. DISCUSSION

### A. Issues on Appeal

In Issue No. One, Appellant argues that the trial court erred in granting Chartwells' motion for summary judgment on traditional grounds. We read this as a legal and factual sufficiency of the evidence challenge, though Appellant's issue on appeal only contains general language and does not complain of the specific error to be addressed on appeal.

In Issue No. Two, Appellant argues that the trial court erred in granting Chartwells' no-evidence motion for summary judgment again only using general language without specifying the basis for the challenge.

Upon review of the motion for summary judgment, the replies, and the evidence filed in the record, we agree that the "no-evidence" motion was properly granted. For that reason, we initially consider Appellant's Issue No. Two and find that our disposition of that issue is dispositive of this appeal.

## B. Summary Judgment Standard of Review

In reviewing a trial court's granting of a summary judgment on appeal, the standard of review on appeal is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that a judgment should be granted as a matter of law. *See Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985); *Cortez v. Liberty Mut. Fire Ins. Co.,* 885 S.W.2d 466, 469 (Tex.App.-El Paso 1994, writ denied). Thus, the question on appeal is not whether the summary judgment proof raises fact issues as to required elements of the movant's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the movant's cause or claim. *See Gibbs v. General Motors,* 450 S.W.2d 827, 828 (Tex.1970).

In resolving the issue of whether the movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor. *See Nixon,* 690 S.W.2d at 548–49; *DeLuna v. Guynes Printing Co.,* 884 S.W.2d 206, 208 (Tex.App.-El Paso 1994, writ denied). Where the defendants are the movants and they submit summary evidence disproving at least one essential element of each of plaintiff's causes of action, then summary judgment should be granted. *See Perez,* 819 S.W.2d at 471; *Bradley v. Quality Serv. Tank Lines,* 659 S.W.2d 33, 34 (Tex. 1983); *Cortez,* 885 S.W.2d at 469. Furthermore, when a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *See State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex. 1993); *Rogers v. Ricane Enter. Inc.,* 772 S.W.2d 76, 79 (Tex.1989).

Under the "no-evidence summary judgment" rule, the movant may move for summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which the nonmovant would have the burden of proof at trial. Tex.R. Civ. P. 166a(i). The motion must state the elements as to which there is no evidence. *Id.* The reviewing court must grant the motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact. *Id.* Under the no-evidence summary judgment standard, the party with the burden of proof at trial will have the same burden of proof in a summary judgment proceeding. *See, e.g., Esco Oil & Gas, Inc. v. Sooner Pipe & Supply Corp.,* 962 S.W.2d 193, 197 n. 3 (Tex.App.-Houston [1st Dist.] 1998, pet. denied) (commenting that under Rule 166a(i) "the plaintiff as the nonmovant [has] the burden to raise a triable issue on each element essential to the plaintiff's case against each defendant").

The San Antonio Court of Appeals states the applicable standard of review for no-evidence summary judgments as follows: " 'A no-evidence summary judgment is essentially a pretrial directed verdict,' and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict." *Moore v. K Mart Corp.,* 981 S.W.2d 266, 269 (Tex.App.-San Antonio 1998, pet. denied); *see also* Hon. David Hittner & Lynne Liberato, *Summary Judgments in Texas,* 34 Hous. L.Rev. 1303, 1356 (1998) (no-evidence summary judgment is essentially pretrial directed verdict).

A no-evidence summary judgment is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the non-movant would have the burden of proof at trial. *See* Tex.R. Civ. P. 166a(i); *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997), *cert. denied*, 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *See Havner*, 953 S.W.2d at 711. Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact, and the legal effect is that there is no evidence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983).

## C. Issue Number Two

In Issue No. Two, Appellant argues that the trial court erred in granting Appellee's no-evidence summary judgment under Tex.R. Civ. P. 166a(i) relating to the Appellant's claims under a premises defect theory of liability. Appellant contends that Chartwells' motions for summary judgment were based only on a negligent activity theory of liability and, therefore, should not defeat Appellant's claims because Appellant has pleaded a premises defect theory of liability. Appellant, in fact, concedes that Appellant is not claiming that Chartwells was responsible for Cruz's contemporaneous work activities and that Appellant never asserted a negligent activity theory of liability. His theory relies on his belief that Chartwells had general responsibility as the premises occupier to insure that the premises occupied by it was safe.

A review of Appellant's first amended original petition reflects that he is complaining of the fact that he came in contact with a live wire which was left in an artificial ceiling of the school's cafeteria which caused him to be electrocuted causing him corresponding damages.

His negligence allegations consist of three paragraphs which assert claims against both Chartwells and Cruz alleging:

(15) "a duty to return the cafeteria to the safe condition in which it was found before the renovation project was started.

(16) [they] ... failed to remove the wiring and had reports, verbal and written, provided by engineers stating there was faulty wiring.

(17) [d]ue to both Defendants' failure to make sure all wiring was properly removed, an employee ... came in contact with a live wire."

Appellant sought damages for the injuries he allegedly suffered.

Appellee filed a motion for summary judgment against all the causes of action asserted by the Plaintiff alleging traditional grounds based on a lack of duty to insure the performance of an independent contractor for the work performed on the premises and as a "no-evidence" motion for summary judgment under Texas Rules of Civil Procedure Rule 166a(i). The trial court granted the motion without specifying the grounds. We note for the record that Appellant's response[1] is replete with broad references to discovery which Appellant indicates he has undertaken, to provide proof in this matter of his dili-

---

1. Appellant filed an original and amended response to the motion. The responses are very similar and the exhibits to each are identical. The amended response merely expands the arguments presented in the original response but does not present additional proof.

gence in attempting to seek proof of the facts in issue. His response, nevertheless, is lacking in proof of specific factual allegations that are sufficient to defeat the motions. Appellant attaches four exhibits as summary judgment proof to his response. Exhibit A is Defendant's motions and response to Plaintiff's response. Exhibit B consists of the deposition of Nick Iula, an employee of Chartwells. Exhibit C consists of the deposition of Pamela Groves, an employee of the University of Houston.[2] Exhibit D is a copy of excerpts from the contract between Chartwells and the University of Houston. Reid divides his response between the no-evidence motion and the traditional motion. Neither response, however, presents more than a scintilla of evidence to defeat the motions presented by Chartwells. Reid emphasizes that he has engaged in discovery and "has made every effort to obtain evidence through investigative means" without actually providing any evidence in the record. The sparse evidence attached to his response to the motion supports the undisputed facts outlined in Chartwells' motion. The evidence which Appellant contends exists to prove liability on the part of Chartwells is not included in the record. Further, a review of Appellant's response to the motion for summary judgment consistently references the depositions and exhibits attached to Appellant's response to the motion for summary judgment in broad, general terms as proof that "this imposed an implied duty to inspect the premises," which is the gravamen of Appellant's complaint, without proof of any liability on the part of Chartwells.

■ Appellant asserts that because Chartwells had a food service contract with the University of Houston which con-

tained language requiring Chartwells to maintain an accident prevention and safety education program, provide ongoing instruction in the use of equipment and food handling techniques, and report any fires, unsafe conditions, thefts, and security hazards to the University Food Service Contract Administrator, a duty was created on the part of Chartwells to inspect the premises, discover the allegedly exposed live wire contained within the false ceiling, and report the condition to the University. Appellant also contends that the provision in the contract which requires Chartwells to "reimburse University for maintenance and repair necessitated by the intentional or negligent acts or omissions of Chartwells, its employees, ... contractors, subcontractors, or personnel[ ]" creates premises liability on the part of Chartwells by "suggesting there is a duty imposed upon Chartwell."

It is clear from the record and the documents attached that the only evidence included establishes a relationship between Chartwells and the University of Houston related to the food service agreement between the parties. If we agree that the language of the contract requires Chartwells to reimburse the University of Houston for any damages suffered by the University related to any acts or omissions of a contractor or subcontractor of Chartwells, we do not agree that such language creates premises liability on the part of Chartwells for the allegedly exposed live wire left in the artificial ceiling which allegedly caused Reid's injuries.

Appellant does not present any argument which explains how any of the documents attached to the responses are proof in support of the allegations. Broad conclusory statements are not valid summary

2. We note that the complete copies of the depositions referenced are attached to Plaintiff's response to the motions for summary judgment but only excerpts from the depositions are attached to Plaintiff's amended response.

judgment evidence. *See Heiser v. Eckerd Corp.*, 983 S.W.2d 313, 316 (Tex.App.-Fort Worth 1998, no pet.).

Turning to the deposition excerpts, we note that the witnesses provide no evidence of negligence on the part of Chartwells nor do they establish a duty or breach. The evidence taken as a whole merely establishes that Chartwells has a food service contract with the University of Houston, incidental to that contract, they hired a construction company to perform renovations to a facility at the University, the construction company did some work at the site, and Mr. Reid was injured by coming into contact with live wires located in the artificial ceiling of the University of Houston property. Nothing in the record establishes that the contractor did any work on the ceiling in question. We note that the contract between Chartwells and Cruz is not included in the record nor is any description of the scope of work performed in connection with the project.[3] We have not been presented with any evidence that establishes that Cruz had any contact with the area of the facility where Reid found the live wire much less any evidence that suggests that Chartwells should have inspected the area in question. Reid's argument and sparse evidence amounts to nothing more than a theory which would, in essence, impose strict liability on Chartwells because Reid was allegedly injured on premises occupied by them. That is not the law in Texas. Reid attempts to distort the testimony of Nick Iula, which describes Chartwells as an expert in the food service business, by construing his comments to mean Chartwells presented itself as an expert on construction projects and is therefore liable for the deficiency of any contractor or subcontractor performing construction work. As stated previously, we do not believe the evidence presented before us is sufficient to establish liability on the part of Cruz but assuming that Cruz does in fact have some liability for the live wire, it would not be imputed to Chartwells because of the food service contract Chartwells has with the University of Houston. The evidence as presented is nothing more that mere speculation and does not rise to the level of more than a scintilla of evidence.

In sum, Appellant's response is essentially a pronouncement that the evidence establishes that Chartwells has a duty to inspect the premises to such an extent that it would have discovered the live wire. Interestingly, Reid argues liability on the part of Chartwells in the alternative. He argues that if the live wires were not left exposed by Cruz, then Chartwells should have discovered them during "the initial inspection, performed prior to Cruz beginning the work...." Alternatively, "if the wires were left exposed by Gerald Cruz & Associates, then the final inspection of the work performed by Gerald Cruz & Associates should have revealed the existence of the defect. Finally, Chartwells' failure to inspect the area, before or after the work was performed by Gerald Cruz & Associates, also forms the basis of Non–Movant's claim for negligence. The duty to inspect is absolute. Chartwells has failed to negate the existence of the duty." We disagree.

We note on appeal Appellant asserts that his cause of action as pleaded below was based on a premises defect theory of liability, not a negligent activity theory. He contends that the motions should not have been granted because the motions were attacking his lack of proof of an

---

**3.** Appellant argues that because he requested a copy of the contract and was not provided with a copy during discovery that the food service agreement between the University of Houston and Chartwells governs this matter and creates liability on the part of Chartwells.

element of "negligent activity" theory of premises liability but he was pleading a "premises defect" theory of liability. Though we do not believe that his pleadings allege a premises defect theory of liability against Chartwells, under either theory, his response lacks evidence to rebut Chartwells' motions.

A review of the motion filed by Appellee asserts that "there is no evidence that Compass Group [Chartwells] was negligent in any manner with respect to the work performed by the general contractor." We believe that this language is sufficient to challenge Appellant's theory of liability based upon a premises defect as well as under a "negligent activity" theory. As stated previously, the trial court granted the motion without stating the grounds, therefore, we must uphold the judgment if any theory exists in support thereof.

■■■ If agreeing that Appellant has argued his case as a premises liability cause of action, we hold that he has failed to present even a scintilla of evidence on any of the required elements. The elements of a premises liability claim are as follows: (1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) the condition posed an unreasonable risk of harm; (3) the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner or occupier's failure to use such care proximately caused the plaintiff's injury. *See Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex.1983); *see Herchman v. DP Solutions, Inc.*, No. 09-04-176-CV, 2005 WL 994658, at *1 (Tex. App.-Beaumont April 28, 2005, no pet. h.).

In fact, a review of the summary judgment evidence establishes that the evidence provided is "so weak as to do no more than create a mere surmise or suspicion" of a fact, and the legal effect is that there is no evidence. *See Kindred,* 650 S.W.2d at 63. There is no evidence in the record that establishes that Chartwells had actual or constructive knowledge of the live wires, there is no evidence that the condition posed an unreasonable risk of harm, there is no evidence that the occupier failed to exercise reasonable care, and there is no evidence that the occupier's failure to use such care was a proximate cause of the Plaintiff's injuries. The only evidence contained in the record establishes that none of the parties know the cause of the existence of the live wires, that the live wires were located within an artificial ceiling, that Chartwells hired a contractor to do certain renovation work, that none of the parties know whether the contractor caused the live wires to remain in the ceiling, that Chartwells generally inspected and accepted the work performed by the contractor, and that Mr. Reid was injured. Appellant did not present any evidence on the type of work performed by the contractor, no witnesses testified about the relationship of the live wires to the previous project or even whether the condition was unreasonably dangerous. In contrast, there is evidence in the record that Chartwells' responsibilities for the renovation were limited to hiring a contractor to perform certain remodeling work on a facility owned, inspected, and maintained by the University of Houston. A review of the record as a whole supports the trial court's ruling that summary judgment was proper. For the reasons stated, we affirm the trial court's ruling and overrule Appellant's Issue No. Two. Because this issue is dispositive of this appeal, we do not reach Issue No. One.

Having overruled Appellant's Issue No. Two, and further finding that we need not address Issue No. One, we affirm the judgment of the trial court.