COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



JIM REID,

                            Appellant,

v.

COMPASS GROUP USA, INC. D/B/A
CHARTWELLS SCHOOL DINING
SERVICE, 

                            Appellee.

§

§

§

§

§


No. 08-04-00263-CV

Appeal from the

334th District Court 

of Harris County, Texas

(TC# 2003-11108)



O P I N I O N
           This is an appeal from a summary judgment granted in favor of Appellee in a lawsuit
filed by Appellant as the result of personal injuries he allegedly sustained on the premises of
the University of Houston Clear Lake Campus. Appellant Jim Reid was working on the
premises in question when he allegedly came in contact with a live wire causing him to suffer
an electrocution and serious injuries. Appellee filed a motion for summary judgment which
contained grounds alleging both traditional and “no-evidence” grounds for dismissal. The
trial court granted the motion without specifying the grounds. Appellant appeals in two
issues challenging the court’s granting of the summary judgments. For the reasons stated,
we affirm.
I. SUMMARY OF THE EVIDENCE
           On March 9, 2001, Appellant was performing maintenance and service work in the
cafeteria of the University of Houston Clear Lake Campus when he came in contact with a
live wire and was electrocuted. Appellee Compass Group USA, Inc. d/b/a Chartwells School
Dining Service (“Chartwells”) provided food services for the campus pursuant to a contract
with the University of Houston. Chartwells hired Gerald Cruz & Associates to handle certain
renovation work to be performed in the cafeteria. Some time after the renovations were
completed, Appellant was preforming services for the University of Houston and was injured
by coming in contact with a live wire. Appellant contends that Chartwells, with co-Defendant Cruz, was negligent for the failure to remove the live wire. Appellant filed suit
against both Chartwells and Gerald Cruz & Associates. Chartwells filed a motion for
summary judgment raising both traditional and “no-evidence” grounds. On May 7, 2004, the
trial court granted Chartwells’ motion without specifying the grounds. Chartwells filed a
motion to sever the action below which was granted.
This appeal follows.
II. DISCUSSION
A. Issues on Appeal
           In Issue No. One, Appellant argues that the trial court erred in granting Chartwells’
motion for summary judgment on traditional grounds. We read this as a legal and factual
sufficiency of the evidence challenge, though Appellant’s issue on appeal only contains
general language and does not complain of the specific error to be addressed on appeal.
           In Issue No. Two, Appellant argues that the trial court erred in granting Chartwells’
no-evidence motion for summary judgment again only using general language without
specifying the basis for the challenge.
           Upon review of the motion for summary judgment, the replies, and the evidence filed
in the record, we agree that the “no-evidence” motion was properly granted. For that reason,
we initially consider Appellant’s Issue No. Two and find that our disposition of that issue is
dispositive of this appeal.
B. Summary Judgment Standard of Review
           In reviewing a trial court’s granting of a summary judgment on appeal, the standard
of review on appeal is whether the successful movant at the trial level carried its burden of
showing that there is no genuine issue of material fact and that a judgment should be granted
as a matter of law. See Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991); Nixon
v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985); Cortez v. Liberty Mut.
Fire Ins. Co., 885 S.W.2d 466, 469 (Tex. App.--El Paso 1994, writ denied). Thus, the
question on appeal is not whether the summary judgment proof raises fact issues as to
required elements of the movant’s cause or claim, but whether the summary judgment proof
establishes, as a matter of law, that there is no genuine issue of material fact as to one or
more elements of the movant’s cause or claim. See Gibbs v. General Motors, 450 S.W.2d
827, 828 (Tex. 1970).
           In resolving the issue of whether the movant has carried this burden, all evidence
favorable to the non-movant must be taken as true and all reasonable inferences, including
any doubts, must be resolved in the non-movant’s favor. See Nixon, 690 S.W.2d at 548-49;
DeLuna v. Guynes Printing Co., 884 S.W.2d 206, 208 (Tex. App.--El Paso 1994, writ
denied). Where the defendants are the movants and they submit summary evidence
disproving at least one essential element of each of plaintiff’s causes of action, then summary
judgment should be granted. See Perez, 819 S.W.2d at 471; Bradley v. Quality Serv. Tank
Lines, 659 S.W.2d 33, 34 (Tex. 1983); Cortez, 885 S.W.2d at 469. Furthermore, when a trial
court’s order granting summary judgment does not specify the ground or grounds relied on
for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced
are meritorious. See State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993); 
Rogers v. Ricane Enter. Inc., 772 S.W.2d 76, 79 (Tex. 1989).
           Under the “no-evidence summary judgment” rule, the movant may move for summary
judgment if, after adequate time for discovery, there is no evidence of one or more essential
elements of a claim or defense on which the nonmovant would have the burden of proof at
trial. Tex. R. Civ. P. 166a(i). The motion must state the elements as to which there is no
evidence. Id. The reviewing court must grant the motion unless the nonmovant produces
summary judgment evidence raising a genuine issue of material fact. Id. Under the no-
evidence summary judgment standard, the party with the burden of proof at trial will have
the same burden of proof in a summary judgment proceeding. See, e.g., Esco Oil & Gas, Inc.
v. Sooner Pipe & Supply Corp., 962 S.W.2d 193, 197 n.3 (Tex. App.--Houston [1st Dist.]
1998, pet. denied) (commenting that under Rule 166a(i) “the plaintiff as the nonmovant [has]
the burden to raise a triable issue on each element essential to the plaintiff’s case against each
defendant”).
           The San Antonio Court of Appeals states the applicable standard of review for no-evidence summary judgments as follows: “‘A no-evidence summary judgment is essentially
a pretrial directed verdict,’ and we apply the same legal sufficiency standard in reviewing a
no-evidence summary judgment as we apply in reviewing a directed verdict.” Moore v. K
Mart Corp., 981 S.W.2d 266, 269 (Tex. App.--San Antonio 1998, pet. denied); see also Hon.
David Hittner & Lynne Liberato, Summary Judgments in Texas, 34 Hous. L. Rev. 1303,
1356 (1998) (no-evidence summary judgment is essentially pretrial directed verdict).
           A no-evidence summary judgment is properly granted if the nonmovant fails to bring
forth more than a scintilla of probative evidence to raise a genuine issue of material fact as
to an essential element of the nonmovant’s claim on which the nonmovant would have the
burden of proof at trial. See Tex. R. Civ. P. 166a(i); Merrell Dow Pharmaceuticals, Inc. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997), cert. denied, 523 U.S. 1119, 118 S.Ct. 1799, 140
L.Ed.2d 939 (1998). If the evidence supporting a finding rises to a level that would enable
reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of
evidence exists. See Havner, 953 S.W.2d at 711. Less than a scintilla of evidence exists
when the evidence is “so weak as to do no more than create a mere surmise or suspicion” of
a fact, and the legal effect is that there is no evidence. Kindred v. Con/Chem, Inc., 650
S.W.2d 61, 63 (Tex. 1983).
C. Issue Number Two
           In Issue No. Two, Appellant argues that the trial court erred in granting Appellee’s
no-evidence summary judgment under Tex. R. Civ. P. 166a(i) relating to the Appellant’s
claims under a premises defect theory of liability. Appellant contends that Chartwells’
motions for summary judgment were based only on a negligent activity theory of liability
and, therefore, should not defeat Appellant’s claims because Appellant has pleaded a
premises defect theory of liability. Appellant, in fact, concedes that Appellant is not claiming
that Chartwells was responsible for Cruz’s contemporaneous work activities and that
Appellant never asserted a negligent activity theory of liability. His theory relies on his belief
that Chartwells had general responsibility as the premises occupier to insure that the premises
occupied by it was safe.
           A review of Appellant’s first amended original petition reflects that he is complaining
of the fact that he came in contact with a live wire which was left in an artificial ceiling of
the school’s cafeteria which caused him to be electrocuted causing him corresponding
damages.
           His negligence allegations consist of three paragraphs which assert claims against
both Chartwells and Cruz alleging:
                      (15) “a duty to return the cafeteria to the safe condition in which
it was found before the renovation project was started. 
                      (16) [they] . . . “failed to remove the wiring and had reports,
verbal and written, provided by engineers stating there was
faulty wiring.
                      (17) “[d]ue to both Defendants’ failure to make sure all wiring
was properly removed, an employee . . . came in contact with a
live wire.”

Appellant sought damages for the injuries he allegedly suffered.
           Appellee filed a motion for summary judgment against all the causes of action
asserted by the Plaintiff alleging traditional grounds based on a lack of duty to insure the
performance of an independent contractor for the work performed on the premises and as a
“no-evidence” motion for summary judgment under Texas Rules of Civil Procedure Rule
166a(i). The trial court granted the motion without specifying the grounds. We note for the
record that Appellant’s response


 is repleat with broad references to discovery which
Appellant indicates he has undertaken, to provide proof in this matter of his diligence in
attempting to seek proof of the facts in issue. His response, nevertheless, is lacking in proof
of specific factual allegations that are sufficient to defeat the motions. Appellant attaches
four exhibits as summary judgment proof to his response. Exhibit A is Defendant’s motions
and response to Plaintiff’s response. Exhibit B consists of the deposition of Nick Iula, an
employee of Chartwells. Exhibit C consists of the deposition of Pamela Groves, an employee
of the University of Houston.


 Exhibit D is a copy of excerpts from the contract between
Chartwells and the University of Houston. Reid divides his response between the no-evidence motion and the traditional motion. Neither response, however, presents more than
a scintilla of evidence to defeat the motions presented by Chartwells. Reid emphasizes that
he has engaged in discovery and “has made every effort to obtain evidence through
investigative means” without actually providing any evidence in the record. The sparse
evidence attached to his response to the motion supports the undisputed facts outlined in
Chartwells’ motion. The evidence which Appellant contends exists to prove liability on the
part of Chartwells is not included in the record. Further, a review of Appellant’s response
to the motion for summary judgment consistently references the depositions and exhibits
attached to Appellant’s response to the motion for summary judgment in broad, general terms
as proof that “this imposed an implied duty to inspect the premises,” which is the gravamen
of Appellant’s complaint, without proof of any liability on the part of Chartwells.
           Appellant asserts that because Chartwells had a food service contract with the
University of Houston which contained language requiring Chartwells to maintain an
accident prevention and safety education program, provide ongoing instruction in the use of
equipment and food handling techniques, and report any fires, unsafe conditions, thefts, and
security hazards to the University Food Service Contract Administrator, a duty was created
on the part of Chartwells to inspect the premises, discover the allegedly exposed live wire
contained within the false ceiling, and report the condition to the University. Appellant also
contends that the provision in the contract which requires Chartwells to “reimburse 
University for maintenance and repair necessitated by the intentional or negligent acts or
omissions of Chartwells, its employees, . . . contractors, subcontractors, or personnel[]”
creates premises liability on the part of Chartwells by “suggesting there is a duty imposed
upon Chartwell.”
           It is clear from the record and the documents attached that the only evidence included
establishes a relationship between Chartwells and the University of Houston related to the
food service agreement between the parties. If we agree that the language of the contract
requires Chartwells to reimburse the University of Houston for any damages suffered by the
University related to any acts or omissions of a contractor or subcontractor of Chartwells, we
do not agree that such language creates premises liability on the part of Chartwells for the
allegedly exposed live wire left in the artificial ceiling which allegedly caused Reid’s
injuries.
           Appellant does not present any argument which explains how any of the documents
attached to the responses are proof in support of the allegations. Broad conclusory
statements are not valid summary judgment evidence. See Heiser v. Eckerd Corp., 983
S.W.2d 313, 316 (Tex. App.--Fort Worth 1998, no pet.).
           Turning to the deposition excerpts, we note that the witnesses provide no evidence of
negligence on the part of Chartwells nor do they establish a duty or breach. The evidence
taken as a whole merely establishes that Chartwells has a food service contract with the
University of Houston, incidental to that contract, they hired a construction company to
perform renovations to a facility at the University, the construction company did some work
at the site, and Mr. Reid was injured by coming into contact with live wires located in the
artificial ceiling of the University of Houston property. Nothing in the record establishes that
the contractor did any work on the ceiling in question. We note that the contract between
Chartwells and Cruz is not included in the record nor is any description of the scope of work
performed in connection with the project.


 We have not been presented with any evidence
that establishes that Cruz had any contact with the area of the facility where Reid found the
live wire much less any evidence that suggests that Chartwells should have inspected the area
in question. Reid’s argument and sparse evidence amounts to nothing more than a theory
which would, in essence, impose strict liability on Chartwells because Reid was allegedly
injured on premises occupied by them. That is not the law in Texas. Reid attempts to distort
the testimony of Nick Iula, which describes Chartwells as an expert in the food service
business, by construing his comments to mean Chartwells presented itself as an expert on
construction projects and is therefore liable for the deficiency of any contractor or
subcontractor performing construction work. As stated previously, we do not believe the
evidence presented before us is sufficient to establish liability on the part of Cruz but
assuming that Cruz does in fact have some liability for the live wire, it would not be imputed
to Chartwells because of the food service contract Chartwells has with the University of
Houston. The evidence as presented is nothing more that mere speculation and does not rise
to the level of more than a scintilla of evidence.
           In sum, Appellant’s response is essentially a pronouncement that the evidence 
establishes that Chartwells has a duty to inspect the premises to such an extent that it would
have discovered the live wire. Interestingly, Reid argues liability on the part of Chartwells
in the alternative. He argues that if the live wires were not left exposed by Cruz, then
Chartwells should have discovered them during “the initial inspection, performed prior to
Cruz beginning the work . . . .” Alternatively, “if the wires were left exposed by Gerald Cruz
& Associates, then the final inspection of the work performed by Gerald Cruz & Associates
should have revealed the existence of the defect. Finally, Chartwells’ failure to inspect the
area, before or after the work was performed by Gerald Cruz & Associates, also forms the
basis of Non-Movant’s claim for negligence. The duty to inspect is absolute. Chartwells has
failed to negate the existence of the duty.” We disagree.
           We note on appeal Appellant asserts that his cause of action as pleaded below was
based on a premises defect theory of liability, not a negligent activity theory. He contends
that the motions should not have been granted because the motions were attacking his lack
of proof of an element of “negligent activity” theory of premises liability but he was pleading
a “premises defect” theory of liability. Though we do not believe that his pleadings allege
a premises defect theory of liability against Chartwells, under either theory, his response
lacks evidence to rebut Chartwells’ motions.
           A review of the motion filed by Appellee asserts that “there is no evidence that
Compass Group [Chartwells] was negligent in any manner with respect to the work
performed by the general contractor.” We believe that this language is sufficient to challenge
Appellant’s theory of liability based upon a premises defect as well as under a “negligent
activity” theory. As stated previously, the trial court granted the motion without stating the
grounds, therefore, we must uphold the judgment if any theory exists in support thereof.
           If agreeing that Appellant has argued his case as a premises liability cause of action, 
we hold that he has failed to present even a scintilla of evidence on any of the required
elements. The elements of a premises liability claim are as follows: (1) actual or
constructive knowledge of a condition on the premises by the owner or occupier; (2) the
condition posed an unreasonable risk of harm; (3) the owner or occupier did not exercise
reasonable care to reduce or eliminate the risk; and (4) the owner or occupier’s failure to use
such care proximately caused the plaintiff’s injury. See Corbin v. Safeway Stores, Inc., 648
S.W.2d 292, 296 (Tex. 1983); see Herchman v. DP Solutions, Inc., No. 09-04-176-CV, 2005
WL 994658, at *1 (Tex. App.--Beaumont April 28, 2005, no pet. h.).
           In fact, a review of the summary judgment evidence establishes that the evidence
provided is “so weak as to do no more than create a mere surmise or suspicion” of a fact, and
the legal effect is that there is no evidence. See Kindred, 650 S.W.2d at 63. There is no
evidence in the record that establishes that Chartwells had actual or constructive knowledge
of the live wires, there is no evidence that the condition posed an unreasonable risk of harm,
there is no evidence that the occupier failed to exercise reasonable care, and there is no
evidence that the occupier’s failure to use such care was a proximate cause of the Plaintiff’s
injuries. The only evidence contained in the record establishes that none of the parties know
the cause of the existence of the live wires, that the live wires were located within an
artificial ceiling, that Chartwells hired a contractor to do certain renovation work, that none
of the parties know whether the contractor caused the live wires to remain in the ceiling, that
Chartwells generally inspected and accepted the work performed by the contractor, and that
Mr. Reid was injured. Appellant did not present any evidence on the type of work performed
by the contractor, no witnesses testified about the relationship of the live wires to the
previous project or even whether the condition was unreasonably dangerous. In contrast,
there is evidence in the record that Chartwells’ responsibilities for the renovation were
limited to hiring a contractor to perform certain remodeling work on a facility owned,
inspected, and maintained by the University of Houston. A review of the record as a whole
supports the trial court’s ruling that summary judgment was proper. For the reasons stated,
we affirm the trial court’s ruling and overrule Appellant’s Issue No. Two. Because this issue
is dispositive of this appeal, we do not reach Issue No. One.
           Having overruled Appellant’s Issue No. Two, and further finding that we need not
address Issue No. One, we affirm the judgment of the trial court.
 
                                                                  RICHARD BARAJAS, Chief Justice

August 18, 2005

Before Barajas, C.J., McClure, and Chew, JJ.