Carlton **PROCTOR**, Brandye Proctor Norman, Eva Smith, Barbara Lynn, Trina Bridgeman Santiago, Treva Bridgeman Walker, Virginia Mae White, and Juanita Ruth Proctor, Appellants,

v.

Glenda **WHITE**, individually and as Independent Executrix of the Estate of Clyde C. White, and C. Carlton White, Inc., Appellees.

No. 08–02–00543–CV.

Court of Appeals of Texas, El Paso.

Oct. 28, 2004.

Rehearing Overruled Jan. 12, 2005.

David Greenhaw, Randal Patterson, Hollmann, Lyon, Patterson, Odessa, for Appellants.

David W. Lindemood, Brockett & Lindemood, Midland, for Appellee.

Joe White, Odessa, Sonia White, Austin, Inge Kitchens, Lubbock, pro se.

Leslie G. McLaughlin, Midland, for interested party.

Before Panel No. 2 BARAJAS, C.J., McCLURE and CHEW, JJ.

### OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from a summary judgment granted in favor of Appellees in a lawsuit filed by numerous family members contesting the validity of a will filed in the Estate of Clyde C. White and also asserting various claims against the estate based upon the actions of Mr. White before his death, claiming fraud and various other torts. The trial court originally granted a partial summary judgment in favor of Appellees on the issue of the competency of Clyde C. White and the question of undue influence, allowing for the admission to probate of the Last Will and Testament of Clyde C. White. Subsequently, the Court severed several causes of action asserted by the Appellants under the Texas Trust Act and transferred those claims to District Court. Finally, the trial court considered the Appellees' Motion for Summary Judgment filed on the remaining issues and granted the motion entering a final summary judgment in favor of Appellees. Appellants appeal in two issues challenging the court's granting of the summary judgments. For the reasons stated, we affirm.

### I. SUMMARY OF THE EVIDENCE

Clyde C. White died on March 28, 2001, in Midland County, Texas. On April 10, 2001, an application for probate of his will was filed. On May 16, 2001, Appellants Virginia Mae White and Juanita Ruth Proctor, daughters of Clyde C. White, filed their opposition to probate of the will claiming that their father lacked testamentary capacity to make a valid will and that

Appellee Glenda White, their stepmother, exerted undue influence over Clyde C. White at the time of the execution of the will in question. Appellants, Carlton Procter, Brandye Proctor Norman, Eva Smith, Barbara Lynn, Trina Bridgeman Santiago and Treva Bridgeman Walker, joined in the filing by including an Original Petition asserting various causes of action for fraud, breach of fiduciary duty, civil conspiracy, violations of the Texas Trust Act, conversion of property and theft. On December 5, 2001, Glenda White filed a motion for partial summary judgment addressing the claims of testamentary capacity and undue influence. On January 24, 2002, Virginia White and Juanita Proctor filed their response to the motion, arguing that issues of material fact existed. On May 7, 2002, the trial court granted Glenda White's motion for partial summary judgment, finding that the last will and testament of Clyde C. White was a valid will and that it should be admitted to probate. Thereafter, the court set the matter for trial, severing the claims related to the causes of action based on a constructive trust and violations of the Texas Trust Act, transferring them to the district court.

The remaining Appellants' causes of action relating to allegations of fraud and breach of fiduciary duty were challenged by Appellees' Motion for Summary Judgment filed October 22, 2002. Appellants Carlton Proctor, Brandye Proctor Norman, Eva Smith, Barbara Lynn, Trina Bridgeman Santiago and Treva Bridgeman Walker, filed their response on November 6, 2002. A supplement to the response was filed on November 8, 2002. Glenda White filed a reply on November 12, 2002. The trial court granted final summary judgment on November 21, 2002. This appeal follows.

## II. *DISCUSSION*

### A. Issue Number One

■ In Issue No. One, Appellants argue that the trial court erred in granting the May 7, 2002 partial summary judgment concerning the claims of lack of testamentary capacity and undue influence. We read this as a legal and factual sufficiency of the evidence challenge, though Appellants' issue on appeal only contains general language and does not complain of the specific error to be addressed on appeal. Before we reach the merits of their challenge, however, we note that Appellants have failed to cite any case law in support of their position. Their argument on appeal consists of several pages of references to depositions and documents filed in the clerk's record in support of a series of factual allegations but not a single reference to a relevant case or legal principle. Because the issue is not adequately briefed, it is waived. TEX.R.APP. P. 38.1(h).

### B. Summary Judgment Standard of Review

Issue No. Two complains that the court erred in granting Appellees' Motion for Summary Judgment. The standard of review on appeal is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that a judgment should be granted as a matter of law. *See Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); *Cortez v. Liberty Mut. Fire Ins. Co.*, 885 S.W.2d 466, 469 (Tex.App.-El Paso 1994, writ denied). Thus, the question on appeal is not whether the summary judgment proof raises fact issues as to required elements of the movant's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the movant's cause or claim. *See Gibbs v. General Motors*, 450 S.W.2d 827, 828 (Tex.1970).

■ In resolving the issue of whether the movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor. *See Nixon*, 690 S.W.2d at 548-49; *DeLuna v. Guynes Printing Co.*, 884 S.W.2d 206, 208 (Tex.App.-El Paso 1994, writ denied). Where the defendants are the movants and they submit summary evidence disproving at least one essential element of each of plaintiff's causes of action, then summary judgment should be granted. *See Perez*, 819 S.W.2d at 471; *Bradley v. Quality Serv. Tank Lines*, 659 S.W.2d 33, 34 (Tex. 1983); *Cortez*, 885 S.W.2d at 469. Furthermore, when a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *See State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993); *Rogers v. Ricane Enter. Inc.*, 772 S.W.2d 76, 79 (Tex.1989).

■ Under the "no-evidence summary judgment" rule, the movant may move for summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which the nonmovant would have the burden of proof at trial. TEX. R.CIV.P. 166a(I). The motion must state the elements as to which there is no evidence. *Id.* The reviewing court must grant the motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact. *Id.* Under the no evidence summary judgment standard, the party with the burden of proof at trial will have the same burden

of proof in a summary judgment proceeding. *See, e.g., Esco Oil & Gas, Inc. v. Sooner Pipe & Supply Corp.*, 962 S.W.2d 193, 197 n. 3 (Tex.App.-Houston [1st Dist.] 1998, pet. denied) (commenting that under Rule 166a(I) "the plaintiff as the nonmovant [has] the burden to raise a triable issue on each element essential to the plaintiff's case against each defendant.").

■ The San Antonio Court of Appeals states the applicable standard of review for no-evidence summary judgments as follows: " 'A no-evidence summary judgment is essentially a pretrial directed verdict,' and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict." *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex.App.-San Antonio1998, pet. denied); *see also* Hon. David Hittner & Lynne Liberato, *Summary Judgments in Texas*, 34 Hous. L.Rev. 1303, 1356 (1998) (no evidence summary judgment is essentially pretrial directed verdict).

■ A no-evidence summary judgment is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* Tex.R.Civ.P. 166a(I); *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997), cert. denied, 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *See Havner*, 953 S.W.2d at 711. Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact, and the legal effect is that there is no evidence.

*Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983).

## C. *Issue Number Two*

■ In Issue No. Two, Appellants argue that the trial court erred in granting summary judgment relating to the claims of breach of fiduciary duty, common law fraud, conversion, theft and civil conspiracy. Appellants filed several pleadings asserting various causes of action on the part of some or all the Appellees. The asserted causes of action include the following:

1) that Appellant "Carlton Proctor has never received any of the funds under" the Ingeborg White Testamentary Trust;

2) that Appellant "Brandye Proctor Norman has received some funds under this Trust, but upon further information and belief, has not received all of the funds to which she is entitled";

3) that Clyde White failed to provide an accounting;

4) that Clyde White concealed an alleged fraud by having his divorce decree with Ingeborg White entered without showing an alleged $500,000.00 debt to Ingeborg White;

5) that Clyde White concealed an alleged fraud by filing an Inventory, Appraisement and List of Claims for the Ingeborg White Estate by failing to disclose the alleged $500,000.00 debt;

6) that Clyde White concealed an alleged fraud by using assets and multiple corporations to allegedly hide, transfer and conceal assets;

7) that Clyde White concealed a fraud by allegedly transferring assets amongst trusts and multiple corporations;

8) that Clyde White commingled funds of the Ingeborg White Testamentary Trust with his own property;

9) with regard to Appellants Eva Smith, Barbara Lynn, Trina Bridgeman Santiago, Treva Bridgeman Walker, that "Clyde White confiscated and took all the assets of the estate of Emma Lou White and used those assets for his own benefit and the benefit of his wife Glenda Sue White.";

10) that Clyde White did not distribute assets from the estate of Emma Lou White pursuant to the laws of descent and distribution;

11) that Clyde White concealed his fraud and breach of fiduciary duty by failing and refusing to provide records or an accounting;

12) that Clyde White further concealed his fraud and breach of fiduciary duty by failing to apply for an administration of the Emma Lou White estate;

13) with regard to Appellants Trina Bridgeman Santiago and Treva Bridgeman Walker, that Clyde White confiscated the assets of their mother's estate (Pat Bridgeman, Clyde White's sister), and never filed an inventory, appraisement, and list of claims;

14) that Clyde White and Glenda White used the estate for their own purposes and uses and did not provide any of the estate to Appellants;

15) that Clyde White concealed his fraud and breach of fiduciary duty by failing and refusing to provide records, by failing to perform his duties as independent executor of the Pat Bridgeman Estate, and by failing to file an inventory, appraisement, and list of claims; and

16) that Clyde White commingled funds of the Pat Bridgeman Estate with his own separate and community property;

Appellants sought damages, exemplary damages, an accounting, an appointment of an auditor, prejudgment interest and attorney's fees. Appellants also sought a declaratory judgment that Clyde White did not own C. Carlton White, Inc., and that all assets of C. Carlton White, Inc. be excluded from the estate of Clyde White.

▪ Appellees filed a motion for summary judgment against all the causes of action asserted by the plaintiffs alleging traditional grounds based on the affirmative defense of statute of limitations to most of the claims and as a "no evidence" motion for summary judgment under Texas Rules of Civil Procedure Rule 166(a)(I). The trial court granted the motion without specifying the grounds. We note for the record, that Appellants' response [1] though lengthy, is repleat with broad references to factual allegations which Appellants' indicate that they will prove at a future time. Appellant uses the terms, "the jury will have sufficient evidence," "a similar affidavit [to one which is attached to this response] is being submitted . . . and request for late filing of same is hereby made." Appellants "will present testimony," Appellants "will show" all reflecting an intention for Appellants to present evidence in some future proceeding. The evidence which Appellants contend exists to prove these complaints is not included in the record. Further, a review of Appellants' response to the motion for summary judgment consistently references the depositions and exhibits attached to Appellee's motion for summary judgment in broad, general, terms as proof that "there are genuine issues of material fact" without further explanation or argument. Appellant's response is difficult to understand and their summary judgment proof con-

---

1. Appellants also filed a supplemental response to the motion but the supplemental response only consists of certified copies of three documents which had been attached as exhibits to the Appellants' original response.

sists of references to the depositions attached to Appellee's motion, a few documents which illustrate various transactions that occurred among the parties, and three affidavits. The affidavits consist of two documents prepared by Virginia White, attached as exhibits "A" and "F" to the response and one by D.L. Caldwell attached as exhibit "D." None of the documents attached provide any evidence supportive of the cause of actions asserted by the Appellants. Whether the documents could become relevant or supportive cannot be determined because of the manner in which the response was drafted. Appellants do not present any argument which explains how any of the documents are proof in support of the allegations and the affidavits on their face prove nothing. Broad conclusory statements are not valid summary judgment evidence. *See Heiser v. Eckerd Corp.* 983 S.W.2d 313, 316 (Tex. App.-Fort Worth1998, no pet.). Turning to the affidavits, we note that the affidavits provide no evidence of wrong doing on the part of Clyde White and amount to no more than the speculative musings of two members of this family in conflict. Virginia White's affidavit attached as Exhibit "A" to Appellants' response is merely a record of her observation of the removal of a metal box from the home of Ingeborg White upon the death of Ingeborg White, December 3, 1984, by Clyde C. White. Virginia White states that the box was one in which Ingeborg White's important papers were kept. She has not seen the box since that time. Significantly, she makes no mention of what important documents were contained in the box nor does she testify that she ever had any personal knowledge about the contents stored therein. Appellants tender this affidavit as proof of the existence of a note reflecting a debt of $500,000 allegedly owed by Clyde White to the Estate of Ingeborg White. The affidavit as submitted is no evidence of the existence of a note nor is it any evidence of the existence of the $500,000 debt. Virginia White provides a second affidavit describing her involvement with the documentation and clarification of a series of financial transactions that occurred between Emma White (Clyde White's mother), and Clyde White during some type of IRS investigation of Clyde White in 1989. The affidavit explains that Virginia White prepared some written reports tracking transactions based upon the information provided to her by Clyde White. She stated that "[i]t was a very limited parameter I had access to" confirming that her own knowledge about the transactions at issue is incomplete. The affidavit itself is, in essence, a list of several transactions about which Virginia White has some knowledge. The affidavit fails to make any affirmative representations of wrong doing about which Virginia White has knowledge. Again, it is nothing more that mere speculation and does not rise to the level of more than a scintilla of evidence.

In sum, Appellant's response is essentially a pronouncement that the accumulated documents establish that "there are genuine issues of material fact" and, therefore, Appellee's motion for summary judgment should be denied. In fact, a review of the summary judgment evidence establishes that the evidence provided "is 'so weak as to do no more than create a mere surmise or suspicion' of a fact, and the legal effect is that there is no evidence." *See, Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983). For the reasons stated, we affirm the trial court's ruling and overrule Appellants' Issue No. Two.

Having overruled all Appellants's issues on review, we affirm the judgment of the trial court.