Affirmed and Memorandum Opinion filed October 10, 2006








Affirmed and Memorandum Opinion filed October 10, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00282-CV

_______________

 

RALPH O. DOUGLAS, Appellant

 

V.

 

WASHINGTON MUTUAL BANK, Appellee

                                                                                                                                               


On Appeal from the 190th District Court

Harris County, Texas

Trial Court Cause No. 04‑01233

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant,
Ralph O. Douglas, appeals from a summary judgment granted in favor of appellee,
Washington Mutual Bank.   Because all dispositive issues are clearly settled in
law, we issue this memorandum opinion and affirm.  See Tex. R. App. P.
47.4. 

I.  Background








In
October 1972, Linda Porter and her husband, George Washington Porter, purchased
a home for $12,000, which they financed through the Veterans= Administration.  Washington Mutual
subsequently purchased the note.  In 1996, approximately twenty years after Mr.
Porter=s death, Mrs. Porter encountered
difficulty paying the mortgage in addition to two home improvement loans on the
property.  After she received notice of foreclosure, Mrs. Porter was approached
by several people attempting to lend her money.  Appellant, Ralph O. Douglas,
approached Mrs. Porter and told her he could pay off the property in exchange for
her payments of $375 per month.  Mrs. Porter went to the office of Douglas
Mortgage Company and partially filled out a document in which she understood
Douglas would propose a method for paying the loan.  After making payments of
$375 per month for approximately eighteen months, Mrs. Porter discovered that
Douglas had forged her signature on a warranty deed and had recorded his Apurchase@ of her home.  She further discovered
that Douglas filled in portions of the document signed by Mrs. Porter so that
the document appeared to authorize Douglas to purchase the home.  Douglas was
subsequently convicted of forgery and theft.

Following
his conviction, Douglas attempted to obtain loan documents from Washington
Mutual, which Douglas claims support his contention that he owned the home. 
When Washington Mutual explained that its customer of record was Linda Porter,
Douglas filed suit in an attempt to obtain the loan documents.  Washington Mutual
filed a motion for summary judgment in which it contended that Douglas had
failed to state a cause of action and had produced no evidence that he was
entitled to the mortgage documents.  The trial court granted summary judgment
from which Douglas appeals.

II.  Standard of Review








To
prevail on a motion for summary judgment, the movant must establish that no
genuine issue of material fact exists and that it is entitled to judgment as a
matter of law. Tex. R. Civ. P.
166a(c); Rhone‑Poulenc, Inc. v. Steel, 997 S.W.2d 217, 222 (Tex.
1999).  In reviewing a summary judgment, we take as true all evidence favorable
to the non‑movant, and we make all reasonable inferences in the non‑movant=s favor.  KPMG Peat Marwick v.
Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  Under
the Ano‑evidence summary judgment@ rule, the movant may move for
summary judgment if, after adequate time for discovery, there is no evidence of
one or more essential elements of a claim or defense on which the nonmovant
would have the burden of proof at trial.  Tex.R.Civ.P.
166a(i).  The trial court must grant the motion unless the nonmovant produces
summary judgment evidence raising a genuine issue of material fact.  Id.


III.  Discussion

In
twenty-nine issues, Douglas challenges the trial court=s summary judgment.  In issues one
through nine, twelve through twenty-seven, and twenty-nine, Douglas challenges
the legal sufficiency of Washington Mutual=s summary judgment proof on the
issues of whether Mrs. Porter agreed to sell her property to him in exchange
for payment of the loans.  Douglas also challenges the legal sufficiency of the
summary judgment proof that Washington Mutual does not have loan documents
showing Douglas as the customer of record.  In issues ten, eleven, and
twenty-eight, Douglas contends Mrs. Porter=s affidavit and John Herberger=s affidavit are conclusory.  

A.        Conclusory Affidavits

In his
tenth issue, Douglas contends Linda Porter=s affidavit in support of the motion
for summary judgment is conclusory.  In his eleventh and twenty-eighth issues,
Douglas contends John Herberger=s affidavit is conclusory.  With regard to Mrs. Porter=s affidavit, Douglas contends the
statements that Mrs. Porter did not sign the warranty deed are conclusory.  In
her affidavit, Mrs. Porter stated, AI have never signed any document for
the purpose of conveying the Belmark Property to Ralph O. Douglas.  I have
never given any authorization, written or oral, for Ralph O. Douglas to
negotiate a loan on my behalf.@  John D. Herberger was Washington Mutual=s counsel in the trial court.  His
affidavit merely attested to the authenticity of the trial transcript of Mrs.
Porter=s testimony at Douglas=s criminal trial.








Rule
166a(f) requires that Asupporting and opposing affidavits shall be made on personal
knowledge, shall set forth such facts as would be admissible in evidence, and
shall show affirmatively that the affiant is competent to testify to the
matters stated therein.@  Tex. R. Civ. P. 166a(f). 
Conclusory statements in an affidavit unsupported by facts are insufficient to
support or defeat summary judgment.  Wadewitz v. Montgomery, 951 S.W.2d
464, 466 (Tex. 1997).  A conclusory statement is one that does not provide the
underlying facts to support the conclusion.  Rizkallah v. Conner, 952
S.W.2d 580, 587 (Tex. App.CHouston [1st Dist.] 1997, no writ). 

Mrs.
Porter=s and Herberger=s affidavits are sufficiently
supported by underlying facts. Mrs. Porter=s statement that she did not sign the
document is not conclusory, but a factual statement clearly within her
knowledge.  Similarly, in his affidavit, Herberger stated that the transcript
of Mrs. Porter=s testimony from Douglas=s criminal trial was a true and correct copy and an accurate
transcription of the trial testimony.  Neither affidavit contained conclusory
statements unsupported by facts.  Douglas=s tenth, eleventh, and twenty-eighth
issues are overruled.

B.        Sufficiency of Summary
Judgment Proof








Washington
Mutual filed both a traditional motion for summary judgment and a no-evidence
motion.  A defendant moving for summary judgment has the burden of proving
there is no material issue of fact relative to the plaintiff=s cause of action.  Doe v. Boys
Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 476B77 (Tex. 1995).  Under the
no-evidence summary judgment standard, the party with the burden of proof at
trial will have the same burden of proof in a summary judgment proceeding.  Proctor
v. White, 155 S.W.3d 438, 441 (Tex. App.CEl Paso 2004, pet. denied).  We apply
the same legal sufficiency standard in reviewing a no‑evidence summary
judgment as we apply in reviewing a directed verdict.  Moore v. K Mart Corp.,
981 S.W.2d 266, 269 (Tex. App.CSan Antonio 1998, pet. denied).  We review the evidence in
the light most favorable to the respondent against whom the summary judgment
was rendered, disregarding all contrary evidence and inferences. Id.  A
no‑evidence summary judgment is properly granted if the nonmovant fails
to present more than a scintilla of probative evidence to raise a genuine issue
of material fact as to an essential element of the nonmovant=s claim on which the nonmovant would
have the burden of proof at trial.  See Tex.R.Civ.P. 166a(i); Merrell Dow Pharmaceuticals, Inc. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997), cert. denied, 523 U.S. 1119
(1998).

Here,
Douglas sought to obtain mortgage records on Mrs. Porter=s property.  Douglas claimed that
Mrs. Porter signed a warranty deed to her property with the intent that he
would obtain a loan on that property.  Douglas contends Washington Mutual is in
possession of the written authorization signed by Mrs. Porter permitting
Washington Mutual to release Mrs. Porter=s loan information to Douglas.  In
support of its motions for summary judgment, Washington Mutual produced Mrs.
Porter=s trial testimony, supporting
documents from the trial, and Mrs. Porter=s and Herberger=s affidavits.  Mrs. Porter=s testimony at Douglas=s criminal trial establishes that
Douglas obtained Mrs. Porter=s signature on a partially completed document, then filled in
crucial details after Mrs. Porter signed the document.  Her testimony also
shows that she did not sign a warranty deed.  She further testified that she
paid Douglas $375 per month for approximately eighteen months, but that Douglas
failed to pay her mortgage note.  Finally, Douglas was convicted of forgery and
theft for these actions. Douglas contends that a report from his handwriting
expert refutes Mrs. Porter=s contention that she did not sign the warranty deed.  To the
contrary, in her report, the handwriting expert reaches no conclusion and
requests more information before she can render an unqualified opinion.








The
parties engaged in pretrial discovery in which Washington Mutual searched for
the documents Douglas seeks in the underlying lawsuit.  Washington Mutual
stated it was unable to find any mortgage documents in Douglas=s name.  The only mortgage documents
it found listed Mrs. Porter as the customer.  Despite adequate time for
discovery, Douglas produced no evidence that Mrs. Porter permitted Douglas
access to her mortgage records at Washington Mutual.  Accordingly, because
Douglas has failed to present any competent  evidence to support his petition
seeking mortgage records, the trial court did not err in granting summary judgment
for Washington Mutual.  We overrule Douglas=s remaining issues.

The
judgment of the trial court is affirmed.

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed October 10, 2006.

Panel consists of Justices Hudson,
Fowler, and Seymore.