Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-07-00744-CV

Sylvia L. **HERNANDEZ** and Santos R. Hernandez,
Appellants

v.

**MAXWELL GII, LTD.**, f/k/a Smith Motor Sales Corp. d/b/a Smith Chevrolet, et al.,
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-08749
Honorable Michael Peden, Judge Presiding

Opinion by:   Alma L. López, Chief Justice

Sitting:   Alma L. López, Chief Justice
           Catherine Stone, Justice
           Sandee Bryan Marion, Justice

Delivered and Filed:   October 15, 2008

AFFIRMED

Sylvia L. and Santos R. Hernandez (Sylvia and Santos) purchased a "new" 2000 Chevrolet Impala from Smith Chevrolet (Smith).  When the Impala's transmission failed, Sylvia and Santos learned that the Impala was a used vehicle, and the transmission had been previously replaced. Sylvia and Santos sued Smith and now appeal the summary judgment granted in favor of Smith contending that the trial court erred by determining that Sylvia and Santos did not produce sufficient summary judgment evidence to create a genuine issue of material fact as to whether Sylvia and

Santos suffered economic or mental anguish damages and denying all claims for breach of contract, common law fraud, and violations of the Texas Deceptive Trade Practices Act. We affirm the trial court's judgment.

## BACKGROUND

In April of 2000, Sylvia and Santos purchased a 2000 Chevrolet Impala from Smith and its sales agent, Tony Riojas, in San Antonio, Texas. Sylvia and Santos made it very clear to Riojas that they were only interested in new vehicles and were not interested in used vehicles. Because Sylvia and Santos wanted a black Impala, Riojas searched outside the Smith dealership and allegedly located a new black Impala in the Panhandle and offered to have a professional driver deliver the car from the Panhandle to San Antonio. Although the Impala was sold to Sylvia and Santos as a new vehicle, it had been previously sold by Champion Chevrolet (Champion) in Austin, Texas to a third party, Mr. Wyatt, and returned to that dealer as defective with approximately 343 miles. Mr. Wyatt had complained about the transmission and the steering. In August of 1999, General Motors replaced the transmission and realigned the steering, but Mr. Wyatt was not satisfied, so the Impala was returned to Champion in Austin. When the car was delivered to Sylvia and Santos, it had 750 miles on the odometer which Smith and Riojas explained were the miles driven from the Panhandle. The Impala was never in the Panhandle but was in fact in Austin.

Five years later, in June of 2005, the Impala's transmission failed, and a General Motors representative informed Sylvia and Santos that the Impala they purchased from Smith was a used vehicle and the transmission had been previously replaced. Sylvia and Santos sued Riojas, Smith, and its affiliates for breach of contract, common law fraud, and violations of the Texas Deceptive Trade Practices Act. After sufficient time for discovery, Smith filed a motion for a no-evidence

summary judgment. Upon examining the pleadings and the evidence, the trial court granted Smith's motion for summary judgment and ordered that Sylvia and Santos take nothing against Smith. Sylvia and Santos appeal the trial court's judgment.

## STANDARD OF REVIEW

An appellate court reviews a trial court's decision to grant summary judgment de novo. *Valores Corporativos, S.A. de C.V. v. McLane Co.*, 945 S.W.2d 160, 162 (Tex. App.—San Antonio 1997, writ denied). When the trial court does not state the grounds upon which it granted summary judgment and, as here, several grounds are provided, the reviewing court must affirm the summary judgment if any ground would support the judgment. *Moritz v. Bueche*, 980 S.W.2d 849, 852-53 (Tex. App.—San Antonio 1998, no pet.); *see also Proctor v. White*, 155 S.W.3d 438, 441 (Tex. App.—El Paso 2004, pet. denied).

After adequate time for discovery, a party may move for a no-evidence summary judgment when there is no evidence of one or more essential elements of a claim or defense on which an opposing party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The non-movant is not required to marshal its proof but must point out evidence that raises a fact issue on the challenged elements. *Id.* at notes & cmts. When reviewing a no-evidence summary judgment, we construe the record in the light most favorable to the non-movant and disregard all contrary evidence and inferences. *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997); *Reynosa v. Huff*, 21 S.W.3d 510, 512 (Tex. App.—San Antonio 2000, no pet.). A no-evidence summary judgment is improperly granted when the non-movant brings forth more than a scintilla of probative evidence that raises a genuine issue of material fact. TEX. R. CIV. P. 166a(i); *Reynosa*, 21 S.W.3d

at 512. More than a scintilla of evidence exists when the evidence would enable reasonable and fair-minded people to differ in their conclusions. *Merrell Dow Pharm., Inc.*, 953 S.W.2d at 711.

No-evidence summary judgment requires the movant to specifically challenge the evidentiary support for an element of a claim or defense. TEX. R. CIV. P. 166a(i) cmt. (1997); *Callaghan Ranch, Ltd. v. Killam*, 53 S.W.3d 1, 3 (Tex. App.—San Antonio 2000, pet. denied). If a no-evidence motion for summary judgment does not specifically challenge a particular element or elements, the motion may be challenged as insufficient on appeal. *Callaghan Ranch, Ltd.*, 53 S.W.3d at 3.

## DISCUSSION

Smith's motion for no-evidence summary judgment stated each element of Sylvia and Santos's causes of action and alleged Sylvia and Santos had failed to produce any evidence "that tends to prove the elements of their causes of action and claims for damages." Smith then objected to Sylvia and Santos's summary judgment evidence as unsupported and conclusory. Because Smith is required to show that there is no evidence of only one essential element of each claim brought by Sylvia and Santos, we focus on Sylvia and Santos's evidence of damages as required by each claim. *See* TEX. R. CIV. P. 166a(i).

To successfully defend Smith's motion for summary judgment, Sylvia and Santos had to present evidence of actual or economic damages. "Under common law, there are two measures of damages for misrepresentation: (1) the out of pocket measure, which is the difference between the value of that which was parted with and the value of that which was received; and (2) the benefit of the bargain measure, which is the difference between the value as represented and the value actually received." *W.O. Bankston Nissan, Inc. v. Walters*, 754 S.W.2d 127, 128 (Tex. 1988) (internal quotes omitted). In providing that evidence, a property owner is qualified to give testimony about

the fair market value of the property if he is familiar with it, but he may not testify about the intrinsic value of the property unless the property is irreplaceable. *Porras v. Craig*, 675 S.W.2d 503, 504-05 (Tex. 1984). Sylvia and Santos's evidence of economic damages consisted of the following two statements by Santos in his affidavit: (1) "We certainly would have paid at least $5,000.00 less for a used, reconditioned vehicle. As a result, we have suffered damages of at least $5000.00."; and (2) "The difference in the fair market value of the Vehicle as represented, as a new vehicle, and the fair market value of the Vehicle as delivered . . . is at least $5,000.00 less than the Vehicle as represented." The evidence contains no basis for Santos's opinion and does not provide Sylvia and Santos's purchase price for the Impala nor the value of a new or used, reconditioned Impala at that time. *See Pontiac v. Elliott*, 775 S.W.2d 395, 399-400 (Tex. App.—Houston [1st Dist.] 1989, writ denied). Santos failed to indicate that he was familiar with the actual market value of the Impala in its defective condition or that his valuation referred to anything other than the intrinsic value of the Impala. *See id.* There is no probative evidence regarding the actual market value of the Impala received as new or in its refurbished condition to support Sylvia and Santos's claim for $5,000 in economic damages.

With regards to mental anguish damages, Sylvia and Santos were required to give either (1) "direct evidence of the nature, duration, and severity of their mental anguish, thus establishing a substantial disruption in [their] daily routine"; or (2) circumstantial evidence of "a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger." *See Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995) (internal quotes omitted). Because mental anguish damages are subjective, unliquidated, and discretionary, we should carefully examine the evidence offered in support of such damages. *Universe Life Ins. Co. v. Giles*,

950 S.W.2d 48, 54 (Tex. 1997). The summary judgment evidence supporting Sylvia and Santos's claim for mental anguish damages consisted of affidavit statements by Santos that "When my wife and I learned that Mr. Riojas had made intentional misrepresentations to us, both my wife and I suffered extreme mental anguish that resulted in, among other things, loss of sleep. The loss of sleep that I observed in both my wife and myself occurred immediately after we learned we had been cheated by Smith . . . . Both my wife and I seek recovery from defendant, Smith Chevrolet, of at least $20,000.00 each to compensate each of us for our mental anguish."

These statements may imply that Sylvia and Santos felt deceived, angry, or disappointed, but they do not support the conclusion that their loss of sleep was a result of "extreme mental anguish." *See Parkway Co.*, 901 S.W.2d at 445. There is no evidence of the nature, duration, or severity of Sylvia and Santos's mental anguish. *See id.* Sylvia and Santos failed to show if they were unable to sleep or simply slept less. There is no evidence providing whether this loss of sleep was for one night or one year or whether there were other symptoms probative of mental anguish. Absent evidence of extreme mental anguish or some disturbing or shocking injury, Sylvia and Santos's feelings of vexation are not compensable. *See id.*

## CONCLUSION

Because damages are a requirement for all three of Sylvia and Santos's causes of action, and Sylvia and Santos failed to produce evidence of any compensable damages, we need not address the other elements of their claims. TEX. R. APP. P. 47.1. Accordingly, we affirm the judgment of the trial court.

Alma L. López, Chief Justice