**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00168-CV**
_____

**2004 CHEVROLET Z71 PICKUP VIN:1GCEK19T14E213891 (JIMMY JENKINS), Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. CIV32472**

**MEMORANDUM OPINION**

This is an appeal from a civil forfeiture proceeding brought by the State of Texas against appellant Jimmy Jenkins and his interest in a 2004 Chevrolet Z71 Pickup Vin: 1GCEK19T14E213891. Jenkins, appearing *pro se*, appeals the trial court's order granting the State's motion for summary judgment for forfeiture of his pickup. We affirm the trial court's judgment.

1

Background

In January 2019, the State filed a notice of seizure and intended forfeiture of a 2004 Chevrolet Z71 Pickup Vin: 1GCEK19T14E213891 pursuant to Chapter 59 of the Texas Code of Criminal Procedure and identified Jenkins as the possessor and owner of the pickup. *See* Tex. Code Crim Proc. Ann. arts. 59.01-.14. The State alleged that the pickup was contraband as defined by Article 59.01 of the Texas Code of Criminal Procedure and subject to forfeiture because it was used or intended to be used in the commission of a felony, it was the proceeds gained from the commission of a felony listed in Article 59.01, or it was acquired with proceeds gained from the commission of a felony listed in Article 59.01. *See id.* art. 59.01(2)(A), (B)(i). As required by Article 59.04(b) of the Code of Criminal Procedure, the State attached to its notice the affidavit of Officer Billy Duke. *See id.* art. 59.04(b).

In his affidavit, Officer Duke stated that based on a tip from a confidential informant that Jenkins was transporting narcotics, Officer David Ramsey stopped Jenkins's pickup, and Ramsey arrested Jenkins because he became belligerent and failed to identify. Duke stated that Ramsey reported that Jenkins admitted that he owned the pickup and claimed that he had bought it with money he had won. Duke explained that when Ramsey conducted an inventory of the pickup, Ramsey noticed

2

the passenger side air bag had been tampered with. According to Duke, Ramsey located a clear baggy containing methamphetamine hidden behind the passenger side airbag and arrested Jenkins for possessing a controlled substance. Duke averred that based on the totality of the circumstances, he had formed the opinion that Jenkins was engaged in criminal activity that included the sale or trafficking of a felony amount of illegal narcotics and the pickup was utilized to transport said narcotics.

Jenkins, acting *pro se*, filed an answer stating that he had pleaded not guilty and requesting the return of his pickup. The State filed a motion for summary judgment, arguing that it had proved all the essential elements of its cause of action for forfeiture of property as a matter of law. The trial court found that the pickup was contraband subject to forfeiture and granted the State's motion for summary judgment. Jenkins appealed.

## Standard of Review

We review summary judgment orders *de novo*. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The party moving for traditional summary judgment must establish that no genuine issue of material fact exists and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). If the moving party produces evidence entitling it to summary judgment, the burden shifts to the

3

nonmovant to present evidence that raises a material fact issue. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). In determining whether there is a disputed issue of material fact precluding summary judgment, we take evidence favorable to the nonmovant as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). We review the summary judgment record "in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

## Analysis

Jenkins filed a *pro se* brief arguing that the allegations against him are false and that his pickup should be returned. We note that the Texas Rules of Appellate Procedure require an appellant to "state concisely all issues or points presented for review" and to make a "clear and concise argument" for each issue raised, "with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(f), (i). Our review of Jenkins's brief shows that the briefing on the issues does not contain any citations to any legal authority or the record. *See* Tex. R. App. P. 38.1(i). Even interpreting Jenkins's brief liberally, we cannot conclude that the issues are adequately briefed. *See Proctor v. White*, 155 S.W.3d 438, 441 (Tex. App.—El Paso 2004, pet. denied) (concluding appellants waived challenge to summary judgment on several claims because their argument consisted of several pages referring to

4

evidence in support of their factual allegations without a single reference to relevant case law or legal principle).

Despite Jenkins's inadequate briefing, we conclude that the State conclusively established that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Johnson*, 891 S.W.2d at 644. The State's summary-judgment proof, the affidavit of Officer Duke, is clear, positive, and direct; credible and free from contradictions and inconsistencies; and could have been readily controverted by Jenkins. *See* Tex. R. Civ. P. 166a(c). Accordingly, the State met its initial burden of establishing that the pickup, which was owned by Jenkins and used to transport narcotics in violation of Texas law, was contraband that was subject to forfeiture. *See State v. One (1) 2004 Lincoln Navigator*, 494 S.W.3d 690, 701 (Tex. 2016) (stating that the State's burden is proving the property is subject to forfeiture, which includes proving probable cause); *State v. Ninety Thousand Two Hundred Thirty-Five Dollars and No Cents in U.S. Currency*, 390 S.W.3d 289, 293 (Tex. 2013) (stating that probable cause is a reasonable belief that a substantial connection exists between the property to be forfeited and the criminal activity defined in the statute). Thus, the burden shifted to Jenkins to raise a material fact issue that would preclude summary judgment. *See Walker*, 924 S.W.2d at 377. However, the record shows that Jenkins failed to file a

5

response to the State's motion for summary judgment, and thus failed to challenge any of the State's summary judgment evidence. We conclude that the trial court did not err in granting the State's motion for summary judgment. We overrule Jenkins's issues on appeal and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on January 21, 2020
Opinion Delivered March 26, 2020

Before McKeithen, C.J., Kreger and Johnson, JJ.